**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
CIVIL MINUTES**

Phoenix Division

**CIV 03-597-PHX-MHM**  DATE: 8/28/07
Year   Case No.

HON: MARY H. MURGUIA   Judge # 7027

Bard Peripheral Vascular, Inc.   v.   WL Gore & Associates
Plaintiff(s)                          Defendant(s)

Deputy Clerk: Kristen Parris   Court Reporter: Merilyn Sanchez

Andrew Federhar, Steven Cherny, Max Grant, James Polese, Stephen Swinton, Shawn McDonald, Charlie Prowl
Plaintiff(s) counsel

Bill Maledon, Brett Dunkelman, David Pfeffer, James Gould, Arnold Rady, and Ian Campbell
Defendant(s) counsel
=================================================================================
**PROCEEDINGS**:   X Open Court   _Chambers   _SEALED

9:08 a.m. Motions Hearing held.

Oral argument held regarding Plaintiff's Motion to Strike the Expert Records and Exclude the Testimony of Gerald H. Bjorge, Esq. [doc. 384] and Defendant's Daubert Motion to Exclude Expert Opinion Testimony from Plaintiffs' Experts on "Tissue Ingrowth" in the Accused Gore Endovascular Products [doc. 381].

10:50 a.m. Court stands at recess.

11:13 a.m. Court reconvenes.

Oral argument held regarding Plaintiff's Motion to Strike the Expert Reports and Exclude the Testimony of Dr. Grayson H. Wheatley III [doc. 383] and Defendant's Daubert Motion or, Alternatively, Motion in Limine to Preclude Expert Opinion Evidence of Reasonable Royalty Percentage in Excess of Five Percent [379].

12:23 p.m. Court stands at recess.

1:26 p.m. Court reconvenes.

Oral argument held regarding Plaintiff's Motion in Limine to Exclude Hearsay Evidence Regarding Dr. Volder because Dr. Volder was "Available" during the Fact Discovery Period and his Testimony could have been Obtained [462], Plaintiff's Motion in Limine to Preclude Gore from Offering Evidence concerning the Morgan & Finnegan Opinion as a Defense to Willfulness [458], Plaintiff's Motion in Limine to Exclude Statements of BPV Inc.'s Predecessor in Interest [454], and Plaintiff's Motion in Limine to Preclude Gore's Fact Witnesses from Acting as Trial Counsel for Gore or Otherwise Associating Themselves with Trial Counsel [456]. Mr. Swinton withdraws the Motion as to Mr. Rady only.

3:08 p.m. Court stands at recess.

3:39 p.m. Court reconvenes.

Oral argument held regarding Plaintiff's Motion in Limine to Preclude Gore's Patent Law Expert, Gerald H. Bjorge, Esq., from Publishing Deposition Testimony of Fact Witnesses or Other Inadmissible Evidence [416], Defendant's Motion to Strike Plaintiff's Unauthorized and Late Submissions of Expert Reports in Violation of this Court's Scheduling Order [519], and Defendant's Motion to Compel Production of the Polese Letter Pursuant to Fed. R. Civ. P. 26(a)(2) [372].

5:19 p.m. Court stands at recess.

6:00 p.m. Court reconvenes.

The Court DIRECTS defense counsel to submit by September 4, 2007 proposed testimony and a proffer as to what Mr. Bjorge will testify to with respect to the defenses other than the equitable conduct and then a separate proffer as to what he would testify to with respect to equitable conduct, if that were to occur separately.

For the reasons stated on the record, IT IS ORDERED as follows:

  1. Plaintiff's Motion in Limine to Exclude Hearsay Evidence Regarding Dr. Volder because Dr. Volder was "Available" during the Fact Discovery Period and his Testimony could have been Obtained [462] is DENIED.

  2. Plaintiff's Motion in Limine to Preclude Gore from Offering Evidence concerning the Morgan & Finnegan Opinion as a Defense to Willfulness [458] is DENIED.

  3. Plaintiff's Motion in Limine to Preclude Gore's Fact Witnesses from Acting as Trial Counsel for Gore or Otherwise Associating Themselves with Trial Counsel [456] is DENIED. Defendant's Motion to Strike with regard to Mr. Calcote, Dr. Anderson, and Dr. Bribes letter's supplemental report addressing the Bowman data is GRANTED.

  4. Defendant's Motion to Strike Plaintiff's Unauthorized and Late Submissions of Expert Reports in Violation of this Court's Scheduling Order [519] is GRANTED with regard to Dr. Anderson's supplemental report regarding statistical analysis of relevant market shares.

   5.  Defendant's Motion to Compel Production of the Polese Letter [372] is GRANTED.

   6.  Plaintiff's Cross Motion for an Order to Show Cause why Gore Should Not be Sanctioned [400] is DENIED.

Discussion held regarding the viewing of Defendant's slides.

IT IS FURTHER ORDERED taking under advisement the Daubert Motions [384, 381, 383, 379], as well as Plaintiff's Motion in Limine to Preclude Gore's Patent Law Expert, Gerald H. Bjorge, Esq., from Publishing Deposition Testimony of Fact Witnesses or Other Inadmissible Evidence [416].

6:42 p.m. Court adjourns.

.