I.  **[PROPOSED JOINT] PRELIMINARY JURY INSTRUCTIONS**

  1.  **Introduction**

Members of the jury: Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.

These instructions will give you some general rules and guidance that might apply to any civil case. However, because this is a patent trial which will deal with subject matter that is not within the every day experience of most of us, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

Source:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).

**2.    Duties of the Jury**

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, you will be provided with instructions as to what the claims of the patents mean. Those words, or "claim terms," that have been defined, or "construed," by me are included in the Glossary that you may find in a juror notebook that includes certain information about the case. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Source:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).

**3.     Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court — you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things, however, are not evidence and must not be considered by you. I will list them for you now:

   a.   Statements, arguments, and questions by lawyers are not evidence.

   b.   Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

   c.   Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

   d.   Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law

makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

Source:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).

### 4. Credibility of Witnesses — Weighing Conflicting Testimony

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

Source:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).

### 5. Summary of the Parties' Contentions

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties are the plaintiffs Dr. David Goldfarb and Bard Peripheral Vascular, Inc., and counterdefendant C.R. Bard, Inc., which I may refer to as "Goldfarb" or "Bard." The defendant and counterplaintiff is W.L. Gore & Associates, Inc. The dispute between the parties relates to the manufacture, use and sale of prosthetic vascular graft products made from a material called expanded polytetrafluoroethylene or "ePTFE." Prosthetic vascular grafts products are used to replace, repair, augment or bypass blood vessels. Both Bard Peripheral Vascular and Gore sell such products. Bard Peripheral Vascular is asserting rights under U.S. Patent No. 6,436,135, which was issued on August 20, 2002. Bard alleges that Gore infringes that patent. Gore denies any such infringement. Because patent numbers are so long, patents are often referred to by their last three digits or by the last name of the listed inventor. Therefore, the patent in this case may sometimes be referred to as the '135 patent or the Goldfarb patent. A patent is a grant issued by the United States Patent Office that gives the patent holder the exclusive right to make, use or sell products covered by the patent for a specified period of time. That specified period of time is 17 years after the Goldfarb patent was issued in this case.

Dr. Goldfarb and Bard contend that Gore makes, uses or sells prosthetic vascular graft products that infringe the Goldfarb patent. Dr. Goldfarb's patent is presumed valid by law. Although the Goldfarb patent was issued by the Patent Office in 2002, Dr. Goldfarb applied for his patent in 1974, some twenty-eight years earlier. Dr. Goldfarb and Bard allege that Gore infringes claims 20-27 of the Goldfarb patent that such infringement is willful. A claim is a concise, formal definition of an invention and appears at the end of a patent in a separately

6

numbered paragraph. Patent claims mark the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land. Dr. Goldfarb and Bard contend that each of Gore's prosthetic vascular graft products accused of infringement meet each limitation of the asserted claims. You the jury will decide whether Gore's products infringe any of the asserted claims of Dr. Goldfarb's patent. If you find that Dr. Goldfarb's patent is infringed and that Gore has not overcome the statutory presumption of validity, you will then be asked to determine the appropriate amount of money damages owed as a result of Gore's infringement.

Gore denies that it infringes the Goldfarb patent, and Gore also asserts that the patent is invalid. Gore contends that its prosthetic vascular graft products do not infringe the Goldfarb patent because the nature and characteristics of Gore's products, which Gore developed and sold for more than twenty years before the Goldfarb patent was issued, are different from the claims and requirements in the patent. Gore further contends that the Goldfarb patent is invalid because the subject matter of the patent was obvious and was not novel at the time the patent was applied for and because the patent does not comply with various requirements regarding description of the claimed invention. You the jury will decide whether the Goldfarb patent is valid and, if so, whether the patent has been infringed by Gore.

To give you a better understanding of the patent system and the issues that you will be asked to decide in this case, I will now show you a short video – approximately 18 minutes long – prepared by the Federal Judicial Center for use in patent trials such as this. The video will help you understand how the patent system works, what the Patent Office does and doesn't do, what some of the patent-related terms that you will hear during the course of this trial mean, and what decisions you as jurors will be called upon to make. Please listen carefully and feel free to take notes if you think that will help you.

<u>Source</u>:

Parties Joint Statement of the Case, submitted to the Court on October 9, 2007.

**6a.     Overview of Disputed Issues [Plaintiffs' version]**

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Gore has infringed one or more of the claims of the patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, Gore may infringe the Goldfarb patent by making, using, selling or offering for sale in the United States, or importing into the United States, a product or method that is covered by a claim of the Goldfarb patent. Gore may also indirectly infringe the Goldfarb patent by contributing to the infringement by another person or entity, or by inducing another person or entity to infringe. In addition, if a claim element is missing, Gore may still infringe under the doctrine of equivalents if the difference between the missing element and the accused product is not substantial. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the Goldfarb patent is invalid. As I just instructed you, a patent may be invalid for a number of reasons, including because the subject matter is not new or is obvious. As with infringement, invalidity must be decided on a claim-by-claim basis. One way that a claim may be invalid is if it is not new. For a claim to be invalid because it is not new, Gore must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or described in a

9

single previous printed publication or patent, and that it enables one of ordinary skill to practice the claimed invention. We call these things "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or described in a single piece of "prior art" and the claim is, therefore, not anticipated, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made. You will need to consider a number of questions in deciding whether the inventions claimed in the Goldfarb patent are obvious. I will provide you detailed instruction on these questions at the conclusion of the case.

A patent may also be invalid if its written description does not meet certain requirements. To be valid, a patent must meet the "written description" and "best mode" requirements. In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to describe the invention that is claimed in the claims of the issued patent. To meet the best mode requirement, the patent must set forth the best way to carry out the invention contemplated by the inventor at the time the patent application was filed.

If you decide that any claim of the Goldfarb patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Plaintiffs to compensate them for the infringement. The amount of those damages must be adequate to compensate Plaintiffs for the infringement. A damages award should put the patent holder in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what Plaintiffs would have

10

received had they been paid a reasonable royalty. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

<u>Source</u>:

Fed. Cir. Bar Ass'n Model Patent Jury Instruction A.4 (modified).

**6b.     Overview of Applicable Law [Defendant's version]**

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

You will be asked to decide whether Gore has infringed the claims of the patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. In this case, the only claims of the '135 patent as to which Plaintiffs assert that Gore has infringed are claims 20 through 27.  In general, for there to be infringement, Plaintiffs must show by a preponderance of the evidence that Gore is making, using, selling or offering for sale in the United States a product that is covered by at least one of the asserted claims of the '135 patent.

Another issue you will be asked to decide is whether the '135 patent is invalid. As with infringement, invalidity generally must be decided on a claim-by-claim basis.  One way that a claim may be invalid is if it is not new. For a claim to be invalid because it is not new, Gore must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device, or described in a single previous printed publication or patent. We call these things "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or described in a single piece of "prior art" and the claim is, therefore, not anticipated, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.  You will need to consider a number of questions in deciding whether the subject matter

1773565

described in claims 20 through 27 of the '135 patent is obvious. I will provide you detailed instruction on these questions at the conclusion of the case.

A patent may also be invalid if its written description does not meet certain requirements. To be valid, a patent must meet the "written description" and "best mode" requirements. To meet the written description requirement, the patent claims cannot describe an invention broader than what is described in the specification portion of the issued patent. To meet the best mode requirement, the description in the patent must set forth the best way to carry out the invention contemplated by the inventor at the time the patent application was filed.

A patent may also be invalid if it is issued without listing the correct inventor or inventors.

If you decide that any claim of the '135 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Plaintiffs to compensate them for the infringement. The amount of those damages must be adequate to compensate Plaintiffs for the infringement. A damages award should put the patent holder in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what Plaintiffs would have received had they been paid a reasonable royalty. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

Source:

Fed. Cir. Bar Ass'n Model Patent Jury Instruction A.4 (modified).

### 7. **Burden of Proof**

As I have already told you, in this case, Bard is the owner of the Goldfarb patent, which it contends Gore infringes. Bard, therefore, has the burden of proving infringement by what is called a preponderance of the evidence. That means Bard has to produce evidence which, considered in the light of all the facts, leads you to believe that what Bard alleges is more likely true than not. To put it differently, if you were to put Bard's evidence on one side of a scale and Gore's evidence on the opposite side of the scale, the evidence supporting Bard's allegations would have to make the scale tip slightly to Bard's side. If Bard fails to meet this burden, the verdict must be for Gore. Bard must also prove its damages by a preponderance of the evidence.

Gore asserts that the claims of the Goldfarb patent are invalid. All the claims of a patent, however, are presumed to be valid. Accordingly, the party challenging the patent has the burden of proving by clear and convincing evidence that the patent is invalid. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence. Bard also contends that Gore has willfully infringed the asserted claims of the Goldfarb patent. Bard must prove that willfulness by clear and convincing evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

<u>Source</u>:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).

**8.**     **Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

15

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

In addition, as I have said, you will each have a juror notebook that includes six documents that have been admitted into evidence by me and were selected by the parties. The parties may each add up to nine more documents to the notebook, six at the conclusion of their case in chief and three at the conclusion of their rebuttal case.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

Source:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).

**9.     Course of the Trial**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

> These preliminary instructions to you;
>
> Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time and they may defer this opening until it is their turn to present evidence.
>
> The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;
>
> My final instructions on the law to you;
>
> The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,
>
> Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

Source:

United States District Court for the District of Delaware Form Preliminary Jury Instructions in Patent Cases (Chief Judge Sleet) (2006).