**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bard Peripheral Vascular, Inc.; David Goldfarb, M.D., ) ) ) Plaintiffs, ) ) vs. ) ) W.L. Gore & Associates, Inc., ) ) Defendant. ) _____ ) ) W.L. Gore & Associates, Inc., ) ) Counterclaimant, ) ) vs. ) ) Bard Peripheral Vascular, Inc.,David Goldfarb, M.D., and C.R. Bard, Inc., ) ) ) Counterdefendants. ) _____ ) | No. CV 03-0597–PHX-MHM  **ORDER** |

On October 22, 2007, Plaintiffs, Bard Peripheral Vascular, Inc., and David Goldfarb, M.D. ("Plaintiffs" or "Bard"), filed a Motion for Reconsideration of the Matsumoto Ruling the Court issued during the October 10, 2007 Final Pretrial Conference Hearing. Plaintiffs request reconsideration of the Court's ruling that granted W. L. Gore & Associates, Inc.'s ("Gore") Motion in Limine to Preclude Plaintiffs from Offering Evidence Contradicting

1 Admissions that the Matsumoto Prior Art Discloses Distances Between Nodes Within the
2 Claimed Ranges (Doc. 446).

3   In granting Gore's Motion in Limine, the Court ruled that Plaintiffs should be bound
4 to their specific factual matters about the Matsumoto prior art made during the prior PTO
5 proceedings.  In support of its ruling, the Court relied on the Gore-cited cases of Proctor &
6 Gamble Co. v. Nabisco Brands, Inc., 711 F.Supp. 759, 770 (D. Del. 1989) (finding that any
7 representations by a patent applicant or patentee as to the content or scope of prior art should
8 be accepted as a binding admission as to that prior art), and In re Nomiya, 509 F.2d 566, 571
9 (C.C.P.A. 1975) (to determine the scope of an application or patentee's admission, "[i]t is
10 necessary to consider everything appellants have said about what is prior art").

11   Plaintiffs assert that the Court should reconsider its ruling because the doctrine of
12 judicial estoppel should not act to bind them to losing arguments Dr. Goldfarb made to the
13 Patent Office that the Patent Office did not adopt when it granted the '135 patent to Dr.
14 Goldfarb.

15   In its Court-directed Response to Plaintiffs' Motion for Reconsideration, Gore argues
16 that Bard did not distinguish or even cite the cases having to do with the prior admission
17 doctrine that the Court relied on when making its ruling, instead Plaintiffs' brief focuses on
18 the judicial estoppel doctrine.  Nor did Plaintiffs refer to the public policy considerations
19 driving the case law *i.e.,* that a patent applicant's statements regarding the content and scope
20 of the prior art during the prosecution of the patent application are binding admissions upon
21 which the public is entitled to rely in considering the ultimately-issued patent.

22   A motion for reconsideration under Fed.R.Civ.P. 59(e) may be granted for the
23 following reasons:  (1) to correct manifest errors of law or fact upon which the judgment is
24 based; (2) the moving party presents newly discovered or previously unavailable evidence;
25 (3) as necessary to prevent manifest injustice; or (4) there is an intervening change in
26 controlling law.  Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063
27 (9th Cir. 2003).  "A Rule 59(e) motion may not be used to raise arguments or present
28

1 evidence for the first time when they could reasonably have been raised earlier in the
2 litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).

As the parties will recall, the Court has previously discussed the doctrine of judicial estoppel in its Order denying Gore's Motion for Partial Summary Judgment (Doc. 163 at 15-16) and its Order denying Bard's Motion to Narrow the Issues (Doc. 311 at 11-13). In its Order denying Gore's Motion for Partial Summary Judgment, the Court indicated that it was not convinced by Bard's argument that judicial estoppel precluded Gore from raising the invalidity defenses it previously asserted during the PTO proceedings, finding the issue inadequately briefed at that time. In its Order denying Bard's Motion to Narrow the Issues, the Court found that judicial estoppel does not preclude Gore's affirmative defenses of inequitable conduct and anticipation based on prior art because the positions Gore took before the PTO were not "irreconcilably inconsistent with the invalidity defenses Gore now asserts" (Id. at 12). The Court found that a question of fact for the jury remained as to Gore's defenses.

In those Orders, the Court cited the following case authority:

> When deciding a non-patent issue such as application of judicial estoppel, regional circuit law applies. See Lampi Corp. v. American Power Products, Inc., 228 F.3d 1365, 1376 (Fed. Cir. 2000); Wang Labs. Inc. v. Applied Computer Science, Inc., 958 F.2d 355, 358 (Fed. Cir. 1992). A party is judicially estopped from asserting a position in the course of litigation only if that position is inconsistent or incompatible with an earlier position. Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600-01 (9th Cir. 1996). The doctrine applies where a litigant "is playing fast and loose with the court." See Yanez v. United States, 989 F.2d 323, 326 (9th Cir. 1993). The doctrine precludes a party from gaining an advantage in litigation by initially taking one position and then seeking a second advantage by later taking an incompatible position. Rissetto, 94 F.23d at 600. Judicial estoppel should not be applied if the party's change in position was justified. See Morris v. State of California, 966 F.2d 448, 453-54 (9th Cir. 1991).

Plaintiffs have stated that the impetus for filing the instant Motion for Reconsideration is a section Gore included in its Memorandum Regarding the Admission of Evidence on the

- 3 -

Issue of Patentability entitled "Special Comment on the Matsumoto Invalidity Issue." In this section of its Memorandum (which did not address the relevant topic of bifurcation), Gore requested that the Court determine the validity of claims 20 through 25 and 27 as a matter of law based on Dr. Goldfarb's admissions to the PTO about the Matsumoto prior art and, therefore, the Court need not submit the issue of validity of these claims (20-25 and 27) to the jury. In Plaintiffs' responsive Trial Brief on Bifurcation, Plaintiffs assert that Gore's argument in support of judgment as a matter of law as to the validity of claims 20 through 25 and 27 is an attempt to have the Court reconsider its Partial Summary Judgment Order. The Court denied Gore's Motion for Summary Judgment, and found that Gore had not shown that the '135 patent was invalid by clear and convincing evidence. The Court finds no reason to change its original ruling and, hereby, reiterates Gore's statutory burden to prove invalidity by clear and convincing evidence. To be clear, Gore is not entitled to judgment as a matter of law as to validity of claims 20 through 25 and 27. See Am. Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1359 (Fed. Cir. 1984) (deference is owed to patent examiners "who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents").

In its Motion for Reconsideration, Plaintiffs cite Impax Lab., Inc. v. Aventis Pharm. Inc., 468 F.3d 1366, 1378 (Fed. Cir. 2006) (holding that where the "prior art was before the examiner during prosecution of the application, there is a particularly heavy burden in establishing invalidity") to argue that the Court's decision to bind Plaintiffs to their losing arguments before the PTO violates Impax because it deprives the PTO's findings of the requisite deference by preventing Dr. Goldfarb from adopting the PTO's findings when it granted the patent to him.

Gore argues that the relevant doctrine here is the admission doctrine, which, Gore asserts, binds a patent applicant to statements it made in the prosecution as to the content and scope of the prior art. In support of its position, Gore cites Proctor & Gamble and In re Nomiya as guiding case law on this issue. Pursuant to Proctor & Gamble and In re Nomiya,

- 4 -

Gore asserts that statements made about prior art by or on behalf of a patent applicant during the prosecution of the subject patent application are binding admissions. Gore further argues that public policy supports holding Plaintiffs to their assertions to the PTO regarding prior art.

In opposition, Plaintiffs assert that no case law exists to bind a party to a statement it made to the PTO that the PTO rejected during an *inter partes* proceeding. In response to Plaintiffs' *inter partes* argument, Gore contends that the statements to which Plaintiffs should be bound were made initially during the *inter partes* interference but that Plaintiffs did not correct the statements during the subsequent *ex parte* proceeding. The Court finds a failure to correct a losing *inter partes* argument during a subsequent *ex parte* proceeding distinguishable from a binding argument initially made during an *ex parte* proceeding. See also, Allied Tube and Conduit Corp. v. John Maneely Company, 125 F.Supp.2d 987, 999-1000 (D.Ariz. 2000) (declining to apply the doctrine of judicial estoppel as a bar because the party asserting the doctrine had not offered evidence that the court in the prior proceedings had *adopted* the prior assertion or conclusions at issue).

Furthermore, In re Nomiya states that "[i]t is necessary to consider everything appellants have said about what is prior art to determine the exact scope of their admission." 509 F.2d at 571. Pursuant to In re Nomiya, the Court finds it appropriate to *consider* arguments an applicant presented to the PTO; however, mere consideration of arguments is different than *binding* a party to its losing arguments.

Upon further consideration, the Court is not convinced that Proctor & Gamble and In re Nomiya act to bind Plaintiffs to their losing arguments regarding prior art made to the PTO. This is especially true in light of the fact that the Court previously found that assertions to the PTO regarding Gore's defenses were a question of fact for the jury to decide. The Court finds the same is true with regard to Plaintiffs' previous assertions to the PTO regarding prior art that the PTO did not adopt.

Moreover, regarding Gore's public policy argument, the Court is unaware of the public policy that would bind a party to arguments it asserted in prior patent litigation that

1 were not relied upon by the patent office when granting a patent. On the other hand, 2 Plaintiffs also present a compelling public policy argument. Plaintiffs assert that if it now 3 is bound to Dr. Goldfarb's assertions to the PTO that the PTO rejected when it granted the 4 patent to him, the patent would be invalid because Plaintiffs would be bound to the 5 unsuccessful arguments it has made in the past, even though the patent was awarded to them. 6 There is strong public policy in support of upholding patents issued by the United States 7 Patent Office. Thus, to bind Plaintiffs to unsuccessful arguments Dr. Goldfarb made during 8 the patent prosecution when the patent ultimately was issued to him, is contrary to public 9 policy.

10 Thus, the Court finds it appropriate to reconsider its previous ruling and hereby finds 11 that Plaintiffs are not bound to their previous losing arguments before the PTO. Furthermore, 12 as stated above, Gore is not relieved of its statutory burden to prove invalidity by clear and 13 convincing evidence.

**Accordingly,**

**IT IS ORDERED** granting Bard's Motion for Reconsideration (Doc. 594).

DATED this 2nd day of November, 2007.

_____
Mary H. Murguia
United States District Judge