**FENNEMORE CRAIG P.C.**
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Phone (602) 916-5000
Andrew M. Federhar (#006567)

**POLESE, PIETZSCH, WILLIAMS & NOLAN, P.A.**
2702 North Third Street, Suite 3000
Phoenix, Arizona 85004-4607
Phone (602) 280-1500
James F. Polese (#003451)

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Steven C. Cherny

555 Eleventh Street, N.W.
Washington, DC 20004
Maximilian A. Grant

Attorneys for Plaintiffs/Counterdefendants Bard Peripheral Vascular, Inc. and David Goldfarb, M.D. and Counterdefendant C.R. Bard, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> W.L. Gore & Associates, Inc., <br><br> Defendant. <br><br> W.L. Gore & Associates, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> Bard Peripheral Vascular, Inc., David Goldfarb, M.D., and C.R. Bard, Inc., <br><br> Counterdefendants. | No. CV-03-0597-PHX-MHM <br><br><br> **BARD'S RESPONSIVE BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF PHYSICAL SLIDES WITH AN UNBROKEN CHAIN OF CUSTODY AND PHOTOS OF SAME** <br><br> *(Assigned to the Hon. Mary H. Murguia)* |

No. CV-03-0597-PHX-MHM

## I.     INTRODUCTION

Gore is attempting to raise a phantom issue of chain of custody with regard to the slides Dr. James Anderson relied upon in his expert report (PX-102) simply because Dr. Anderson (1) asked to be blinded to the selection of the slides on which he relied so his analysis was not biased, and (2) he wished to maintain the confidentiality of the patients with whom the slides were associated.  Gore fails to recognize in its challenge, however, that the black letter law in the Ninth Circuit is that any "**defect in the chain of custody goes to the weight, not the admissibility, of the evidence introduced**." *U.S. v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995).  Therefore, even if one accepts as true all of Gore's attacks on the chain of custody of Dr. Anderson's slides, the slides still must be admitted into evidence.

Furthermore, even if Bard is forced to further substantiate the unbroken chain of custody of Dr. Anderson's slides through witnesses besides Dr. Anderson, Bard could offer Mr. Lawrence Green (counsel for plaintiffs who coordinated the blinding process Dr. Anderson requested) to testify concerning the chain of custody.

As for Gore's secondary attack on the physical samples of grafts Mr. Robert Calcote relies upon in his Supplemental Report (PX-92 and PX-93), its attack is similarly legally and factually baseless.  Again, legally any defect in the chain of title regarding these grafts goes **to the weight of the evidence**, not its admissibility. *U.S. v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991) ("The possibility of a break in the chain of custody goes only to the weight of the evidence.").  In addition, Mr. Calcote's own testimony at trial will establish the chain of custody and authenticity of the grafts at issue.

## II. FACTS

Dr. James Anderson is a renowned pathologist retained by Bard to testify concerning tissue ingrowth into ePTFE grafts. Dr. Anderson will testify at trial that he maintains a collection in his lab of thousands of samples explanted from humans, hundreds of which are explanted ePTFE grafts. Dr. Anderson will further testify that because of patient identifying information on these slides, and his desire to "blind" his sampling of explants, he did not want to identify and retrieve the samples himself. Therefore, he requested that one of his colleagues, Dr. Nicholas Ziats, work with plaintiffs' counsel, Mr. Lawrence Green, to select the necessary grafts for Dr. Anderson to evaluate for his report. The chain of custody concerning the slides upon which Dr. Anderson relied, based upon Dr. Anderson's proffered testimony at trial, is simple: *Dr. Anderson's collection, to Dr. Ziats, to Mr. Green, and finally to Dr. Anderson.*

Gore faults Dr. Anderson for his attempt to "blind" the selection process (and protect patient confidentiality) because he was unfamiliar at his deposition with how the slides got from his collection and back to him. If necessary, however, at trial Bard will provide the testimony of Mr. Green who helped facilitate the "blind" selection process.

With regard to the graft samples Mr. Robert Calcote relied upon in his Supplemental Expert Report, sufficient testimony from Mr. Calcote at trial will establish the chain of custody for those samples.

## III. ARGUMENT

The authentication of evidence requirement is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

No. CV-03-0597-PHX-MHM

2

*Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1011 (9th Cir. 1997) (quoting FED. R. EVID. 901(a)).  Additionally, questions regarding the chain of custody of physical evidence go to the **weight of the evidence, not its admissibility.**  *U.S. v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995) ("Furthermore, a defect in the chain of custody goes to the weight, not the admissibility, of the evidence introduced."); *U.S. v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991) ("The possibility of a break in the chain of custody goes only to the weight of the evidence.").  "The jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence." *U.S. v. Castorena-Jaime*, 285 F.3d 916, 932 (10th Cir. 2002) (citation omitted).

Moreover, pathology slides similar to the ones in question are routinely admitted into evidence, even where there is a question as to their chain of custody.  For example, the Seventh Circuit upheld the admission of pathology slides, even though the plaintiff attacked the chain of custody.  *Cooper v. Eagle River Mem. Hosp., Inc.,* 270 F.3d 456, 463 (7th Cir. 2001) ("an uninterrupted chain of custody is not a prerequisite to admissibility. . . . Instead, gaps in the chain **go to the weight of the evidence, not its admissibility**.") (emphasis added).  *See also Mauldin v. Upjohn Co.*, 697 F.2d 644, 648 (5th Cir. 1983) (finding that even though the testifying doctor was not certain tissue samples were from the plaintiff, "[t]he Federal Rules of Evidence do not require **absolute certainty** in authentication.") (emphasis added).

Here, Dr. Anderson's testimony alone will be sufficient to establish the chain of custody of his slides, and even if Gore is not satisfied, it is welcome to present that position to the jury.  *Castorena-Jaime,* 285 F.3d at 932 ("The jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence.").  The potential defects to which Gore points, however, do ***not*** go to the issue of the admissibility

of the slides.  *Matta-Ballesteros*, 71 F.3d at 768.  Furthermore, Mr. Green's testimony could further substantiate the chain of custody, if necessary.

Similarly, the issues Gore raises with regard to Mr. Calcote's graft samples (which are unclear at best), go only to the weight of the evidence, not the admissibility of the grafts themselves.  Moreover, at least Mr. Calcote's testimony will substantiate the chain of custody concerning these graft samples.

### III.  CONCLUSION

WHEREFORE plaintiffs respectfully request that the Court overrule Gore's objections to the admissibility of Dr. Anderson's slides and Mr. Calcote's graft samples, admit the same, and grant any other relief the Court deems just.

November 5, 2007

Bard Peripheral Vascular, Inc.,
David Goldfarb, M.D.
& C. R. Bard, Inc.
By their attorneys,

By:   s/ Andrew M. Federhar

**FENNEMORE CRAIG P.C.**
ANDREW M. FEDERHAR
3003 North Central Avenue, Suite 2600
Phoenix, Arizona  85012-2913
Phone (602) 916-5000

**POLESE, PIETZSCH,
WILLIAMS & NOLAN, P.A.**
JAMES F. POLESE
2702 North Third Street, Ste. 3000
Phoenix, AZ 85004-4607
(602) 280-1500

**LATHAM & WATKINS, LLP**
STEVEN C. CHERNY
885 Third Avenue
New York, NY 10022
Phone (212) 906-1200

|    |                              |
|----|------------------------------|
| 1  | MAXIMILIAN A. GRANT          |
| 2  | 555 Eleventh Street, N.W.    |
|    | Washington, DC 20004         |
|    | Phone (202) 637-2200         |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2007, he electronically transmitted a true and correct copy of the foregoing **BARD'S RESPONSIVE BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF PHYSICAL SLIDES WITH AN UNBROKEN CHAIN OF CUSTODY AND PHOTOS OF SAME** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Brett L. Dunkelman
> Osborn Maledon, P.A.
> 2929 North Central Avenue, Suite 2100
> Phoenix, Arizona 85012-2791

Additionally, he caused a hard copy to be **hand delivered** to the following:

> Brett L. Dunkelman
> Osborn Maledon, P.A.
> 2929 North Central Avenue, Suite 2100
> Phoenix, Arizona 85012-2791

Plaintiffs

By: s/ Andrew M. Federhar
One of its attorneys

No. CV-03-0597-PHX-MHM