William J. Maledon, No. 003670
Brett L. Dunkelman, No. 006740
Osborn Maledon, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000
wmaledon@omlaw.com
bdunkelman@omlaw.com

David H. Pfeffer
Arnold I. Rady
James W. Gould
Morgan & Finnegan, LLP
3 World Financial Center
New York, NY  10281-2101
(212) 415-8700
(212) 415-8701

John S. Campbell
W. L. Gore & Associates, Inc.
551 Paper Mill Road
Newark, Delaware  19714

Attorneys for W. L. Gore & Associates, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> W. L. Gore & Associates, Inc., <br><br> Defendant. <br><br> W. L. Gore & Associates, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> Bard Peripheral Vascular, Inc., David Goldfarb, M.D., and C. R. Bard, Inc., <br><br> Counterdefendants. | No.: CV-03-0597-PHX-MHM <br><br> **GORE'S BENCH MEMORANDUM ON THE INADMISSIBILITY OF EVIDENCE RELATED TO DR. GOLDFARB'S ALLEGED CHARITABLE GIVING** |

Any evidence of Dr. Goldfarb's alleged charitable giving is irrelevant under the Federal Rules of Evidence, is potentially prejudicial to Gore, and should be excluded. If Dr. Goldfarb's credibility is attacked by Gore, Plaintiffs must then demonstrate that the alleged charitable giving is evidence of truthful character under FED. R. EVID. 608.

Whether Dr. Goldfarb has, in fact, engaged in any philanthropic activities, and the extent of those alleged activities, do not "make the existence of any fact that is of consequence to the determination of [this] action more probable or less probable." FED. R. EVID. 401. Dr. Goldfarb's alleged charitable giving is not relevant to whether the '135 patent is valid, enforceable, or infringed, and is therefore not *per se* admissible in this action. FED. R. EVID. 402. Dr. Goldfarb's motives in applying for the '135 Patent and his intended use of any revenues received thereby are simply irrelevant to any substantive issue the jury is to consider.

Instead, Dr. Goldfarb's alleged charitable giving is at best character evidence that is not admissible absent some exception. FED. R. EVID. 404. Plaintiffs cannot circumvent the Federal Rules' requirement that character evidence is admissible only *after* a witness' character for truthfulness has been attacked. FED. R. EVID. 608(a). In the event that Dr. Goldfarb's character for truthfulness is ever called into question in this case, Plaintiffs may only offer character evidence supporting Goldfarb's character for truthfulness. *Id.* To the extent that Plaintiffs may seek to offer specific instances of Dr. Goldfarb's alleged charitable giving into evidence, any supportive evidence must be probative of truthfulness and can only "be inquired into on cross-examination of [ Dr. Goldfarb]." FED. R. EVID. 608(b).

In the event that Dr. Goldfarb's character for truthfulness is ever called into question, his alleged charitable giving may only be admitted to the extent that Plaintiffs can prove that such evidence is supportive of his character of truthfulness and that its probative value is not outweighed by the prejudice that will inure to Gore if admitted. FED. R. EVID. 403. In any event, as Dr. Goldfarb's alleged charitable giving has no bearing on the substantive issues involved in this case, its admission

will only serve to bias the jury against Gore based on ancillary, and disputed,[1] evidence.

Thus, in its opening and on direct examination, Plaintiffs should not be allowed to offer any character evidence of the truthfulness of any witness whose character for truthfulness has not previously been called into question.  Further, in the event that a witness' character for truthfulness has been called into question, Plaintiffs should be limited to offering only that evidence which is supportive of the witness' character for truthfulness and is not outweighed by prejudice to Gore.  Because Dr. Goldfarb's character has not yet been called into question and because Plaintiffs have not met their burden of demonstrating that charitable giving is supportive of one's character for truthfulness, any evidence of Dr. Goldfarb's charitable giving is, at present, not relevant and not admissible in this litigation.

DATED this 5th day of November, 2007

OSBORN MALEDON, P.A.

s/William J. Maledon
William J. Maledon

Brett L. Dunkelman
2929 North Central Avenue
Phoenix, Arizona  85012-2794

David H. Pfeffer
Arnold I. Rady
James W. Gould
Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, New York  10281-2101

---

[1] Whether Dr. Goldfarb's proceeds from his license to Impra were, in fact, going to medical research was central to the *Goldfarb v. Impra* litigation.  To re-litigate that issue in this case would cause undue delay and create an unnecessary diversion into collateral issues, weighing against the admission of such evidence here.  FED. R. EVID. 403.

|   |   |
|---|---|
| 1 | John S. Campbell |
| 2 | W. L. Gore & Associates, Inc.<br>551 Paper Mill Road<br>Newark, Delaware  19714 |
| 3 |   |
| 4 | Attorneys for W. L. Gore & Associates, Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

- Steven C Cherny
  steven.cherny@lw.com

- Andrew Mark Federhar
  afederhar@fclaw.com,kthomas@fclaw.com

- Maximilian A Grant
  max.grant@lw.com

- Lawrence M Green
  lawrence.green@wolfgreenfield.com,john.strand@wolfgreenfield.com,litigation@wolfgreenfield.com

- Matthew B Lehr
  matthew.lehr@lw.com

- Shawn E McDonald
  shawn.mcdonald@lw.com,jennifer.pugh-nolan@lw.com

- James F Polese
  polese@ppwn.com,jgriffith@ppwn.com

- Katherine R Saunders
  katharine.saunders@lw.com

I hereby certify that on November 5, 2007, I hand-delivered the attached document to the following:

James F. Polese
Polese, Pietzsch, Williams, & Nolan, P.C.
2702 North Third Street
Suite 3000
Phoenix, Arizona 85004-4607

Andrew M. Federhar
Fennemore Craig PC
3003 North Central Avenue
Suite 2600
Phoenix, Arizona 85012-2913

-3-

1  I hereby certify that on November 5, 2007, I mailed the attached document to the following:

Shawn E. McDonald
Latham & Watkins LLP
12636 High Bluff Drive
Suite 400
San Diego, California  92130-5450

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, New York 10022

s/Deborah B. Dunn

1794030

-4-