**OSBORN MALEDON**
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone  602.640.9000
Facsimile  602.640.9050

William J. Maledon, No. 003670
Brett L. Dunkelman, No. 006740
Osborn Maledon, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000
wmaledon@omlaw.com
bdunkelman@omlaw.com

David H. Pfeffer
Arnold I. Rady
James W. Gould
Morgan & Finnegan, LLP
3 World Financial Center
New York, NY 10281-2101
(212) 415-8700
(212) 415-8701

John S. Campbell
W. L. Gore & Associates, Inc.
551 Paper Mill Road
Newark, Delaware 19714

Attorneys for W. L. Gore & Associates, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D., <br><br>  Plaintiffs, <br><br>  v. <br><br> W. L. Gore & Associates, Inc., <br><br>  Defendant. <br><br> W. L. Gore & Associates, Inc., <br><br>  Counterclaimant, <br><br>  v. <br><br> Bard Peripheral Vascular, Inc., David Goldfarb, M.D., and C. R. Bard, Inc., <br><br>  Counterdefendants. | No.: CV-03-0597-PHX-MHM <br><br> **GORE'S MOTION FOR JMOL REGARDING PLAINTIFFS' CLAIM OF WILLFUL INFRINGEMENT** |



OSBORN
MALEDON
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone    602.640.9000
Facsimile    602.640.9050

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, W.L. Gore & Associates, Inc. ("Gore") moves for judgment as a matter of law ("JMOL") on the issue of willful infringement. During their case in chief, Plaintiffs have not proffered any evidence, let alone sufficient evidence, to meet their burden to prove by clear and convincing evidence that any patent infringement by Gore was willful.

The distinction between patent infringement and willful infringement is an important one. Patent infringement is a strict liability claim. Thus, the degree of culpability is relevant only in determining whether or not enhanced damages are warranted. Enhanced damages may be awarded only if the patent infringement is found to be willful. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007).

Judgment as a matter of law on the issue of willfulness may be entered at the close of the plaintiff's case in chief when no reasonable jury could find willfulness from the evidence presented. In other words, to avoid a JMOL, the plaintiff must make a *prima facie* case of willfulness during its case in chief and may not wait to respond to any evidence of non-willfulness the accused infringer may present during the defendant's case in chief. *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004). Simply put, there is no burden imposed upon the accused infringer either to prove or to proffer evidence that any infringement was not willful. *Id.*

Plaintiffs have the burden to prove willfulness by clear and convincing evidence. "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Stated another way, proof of willfulness requires at least a showing of objective recklessness." *Id.* If this objective standard is satisfied, the plaintiff must then establish the existence of a separate, subjective element – the risk that the defendant's conduct was objectively reckless "was either known or so obvious that it should have been known to the accused infringer." *Id.* Thus, even if Gore had acted without an opinion of patent counsel, this would not raise give rise to any adverse inference with



OSBORN MALEDON
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone    602.640.9000
Facsimile     602.640.9050

respect to willfulness.  *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345-46 (Fed. Cir. 2004).

In *Norian*, the Federal Circuit affirmed the trial court's decision to grant a JMOL under circumstances almost identical to this case.  As in this case, the plaintiff presented no evidence during its case in chief that the infringement was willful.  Instead, the patentee did no more than make out a *prima facie* case of infringement.  The Federal Circuit agreed with the trial court that such evidence was insufficient to create a jury issue on the issue of willfulness.  "Willful infringement is not established by the simple fact of infringement, even though [the defendant] stipulated that it had knowledge of the [plaintiff's] patents.  The patentee must present threshold evidence of culpable behavior."  363 F.3d at 1332.

Similar to the plaintiff in *Norian*, Plaintiffs presented no evidence during their case in chief of any culpable behavior on the part of Gore.  Merely presenting evidence supporting Plaintiffs' claim of infringement is insufficient to entitle Plaintiffs to have the jury consider their claim of willful infringement.  More specifically, Plaintiffs have presented no evidence to meet their burden under *Seagate* (a) that it was objectively reckless for Gore to assert its infringement, invalidity, and unenforceability defenses and (b) that Gore knew or should have known that its defenses were objectively reckless.  Indeed, during their case in chief, Plaintiffs did not even mention the opinion of patent counsel Gore received soon after the '135 patent issued and before Plaintiffs initiated this lawsuit, let alone that it was objectively reckless for Gore to rely upon that opinion or upon any of Gore's non-infringement, invalidity, or unenforceability defenses.

Since Plaintiffs have presented no evidence of willfulness beyond its evidence of alleged infringement, the Federal Circuit's decisions setting forth the high standards that must be met before willful infringement may be found require JMOL in Gore's favor on the issue of willfulness.

DATED this 16th day of November, 2007

          OSBORN MALEDON, P.A.

          s/William J. Maledon
          Brett L. Dunkelman
          William J. Maledon
          2929 North Central Avenue
          Phoenix, Arizona 85012-2794

          David H. Pfeffer
          Arnold I. Rady
          James W. Gould
          Morgan & Finnegan, L.L.P.
          3 World Financial Center
          New York, New York 10281-2101

          John S. Campbell
          W. L. Gore & Associates, Inc.
          551 Paper Mill Road
          Newark, Delaware 19714

          Attorneys for W. L. Gore & Associates, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

          s/Susanne Wedemeyer

1804798