1  FENNEMORE CRAIG P.C.
   3003 North Central Avenue, SUITE 2600
2  PHOENIX, ARIZONA  85012-2913
   PHONE (602) 916-5000
3  ANDREW M. FEDERHAR (#006567)

4  LATHAM & WATKINS LLP
5  885 THIRD AVENUE
   NEW YORK, NEW YORK 10022
6  STEVEN C. CHERNY
   555 ELEVENTH STREET, N.W.
7  WASHINGTON, DC 20004
   MAXIMILIAN A. GRANT
8

9  Attorneys for Plaintiffs/Counterdefendants Bard Peripheral Vascular,
   Inc. and David Goldfarb, M.D. and Counterdefendant C.R. Bard, Inc.
10

11

              UNITED STATES DISTRICT COURT
12                    DISTRICT OF ARIZONA

| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D., | ) | No. CV-03-0597-PHX-MHM |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | |
| W.L. Gore & Associates, Inc., | ) | **PLAINTIFFS' BRIEF REGARDING GORE'S PROPOSED JURY INSTRUCTION NO. 19: DISCLOSURE OF A SINGLE VALUE WITHIN A CLAIMED RANGE** |
| Defendant. | ) | |
| W.L. Gore & Associates, Inc., | ) | |
| Counterclaimant, | ) | *(Assigned to the Hon. Mary H. Murguia)* |
| v. | ) | |
| Bard Peripheral Vascular, Inc., David Goldfarb, M.D., and C.R. Bard, Inc. | ) | |
| Counterdefendants. | ) | |

No. CV-03-0597-PHX-MHM

## I. INTRODUCTION

The Court should reject Gore's Proposed Jury Instruction No. 19 for two reasons. (Gore's Proposed Jury Instruction No. 19 attached as Ex. A.) First, the subject matter of this instruction is already encompassed by the parties' agreed instruction on Anticipation. Second, the proposed instruction misstates and distorts the law.

With respect to redundancy, the parties' agreed instruction on Anticipation fully encompasses the subject matter of this proposed instruction. Indeed, by beginning Gore's Proposed Instruction with the words "As I instructed you before…," Gore concedes that proposed Instruction No. 19 is redundant to the Anticipation instruction. Presentation of this further proposed instruction unnecessarily emphasizes only one aspect of the case. Gore should not be permitted to submit multiple Proposed Instructions relating to the same general legal principle in an attempt to resonate the issue with the jury. The jury instructions are already long and complicated enough that the Court should not have to spend more time repeating instructions that have already been made.

Second, Gore's proposed instruction regarding the effect of the alleged disclosure of a single numerical value in a piece of prior art within a claimed range of values misinterprets the case law of anticipation under 35 U.S.C. § 102. Gore's support, *Atlas Powder Co. v. IRECO Inc.*, relates to patents disclosing the chemical compositions of explosive compounds. 190 F.3d 1342 (Fed. Cir. 1999). *Atlas Powder Co.* does **not** stand for the general proposition that Gore asserts, namely that if a patent claim recites a range of numerical values for a particular property, prior art that discloses even a single value within that range is sufficient to establish anticipation. The holding in *Atlas Powder Co.* is inapposite as it does not refer to general "numerical values" as applied to mechanical devices, but instead is specifically limited to composition ranges of chemical compounds. *Id.* at 1346 ("Specifically, when a patent claims **a chemical composition** in terms of **ranges of elements**, any single prior art reference that falls within each of the ranges anticipates the claim.") (emphasis added).

Furthermore, the holding in *Titanium Metals Corp. v. Banner*, also cited by Gore, is also narrowly limited to the field of chemical compositions. 778 F.2d 775, 780-82 (Fed. Cir. 1985) ("It is also an elementary principle of patent law that when, as by a recitation of ranges or otherwise, a claim covers several **compositions**, the claim is 'anticipated' if one of them is in the prior art.") (emphasis added).

Gore should not be permitted to expand a narrow holding of patent law, limited to the compositional makeup of chemical compounds, to the instant case, which involves a range of distances between two nodes that are not chemical properties.

## II.   CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court reject Gore's Proposed Instruction No. 19 as redundant and a misstatement of applicable case law, and for any other relief this Court deems just.

November 30, 2007

Bard Peripheral Vascular, Inc.,
David Goldfarb, M.D.
& C. R. Bard, Inc.
By their attorneys,

By: s/ Andrew Federhar

**FENNEMORE CRAIG P.C.**
ANDREW M. FEDERHAR
3003 North Central Avenue, Suite 2600
Phoenix, Arizona  85012-2913
Phone (602) 916-5000

**LATHAM & WATKINS, LLP**
STEVEN C. CHERNY
885 Third Avenue
New York, NY 10022
Phone (212) 906-1200

MAXIMILIAN A. GRANT
555 Eleventh Street, N.W.
Washington, DC 20004
Phone (202) 637-2200

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 30, 2007 he electronically transmitted the above document to the Clerk's Office using the Court's CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

Plaintiffs

By: s/ Andrew Federhar
One of its attorneys