IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bard Peripheral Vascular, Inc.; David Goldfarb, M.D., <br><br>    Plaintiffs, <br><br>vs. <br><br>W.L. Gore & Associates, Inc., <br><br>    Defendant. <br>_____ <br>W.L. Gore & Associates, Inc., <br><br>    Counterclaimant, <br><br>vs. <br><br>Bard Peripheral Vascular, Inc., David Goldfarb, M.D., and C.R. Bard, Inc., <br><br>    Counterdefendants. <br>_____ | No. CV 03-0597–PHX-MHM <br><br>**ORDER** |

      This Order addresses the issue of obviousness including the point in time at which the Court will make its legal determination regarding obviousness and Gore's Judgment as a Matter of Law ("JMOL") regarding obviousness.

## I. THE OBVIOUSNESS DETERMINATION

During the charge conference near the end of the jury trial, there was discussion about the issue of obviousness and whether it was a question for the Court or the jury to decide. At that time, it was agreed that the jury would be asked about obviousness. However, the overarching questions of whether obviousness ultimately is a question for the Court or the jury to decide and, if the Court is to decide, at what point this determination is to take place, remained unanswered. The Court directed the parties to submit briefing on the appropriate manner in which to proceed on the issue of obviousness. Both sides submitted simultaneous briefing, Gore then filed a Notice of Supplemental Authority, Plaintiffs responded, Gore replied, Plaintiffs moved to strike Gore's Reply, Gore responded to Plaintiffs' Motion to Strike, and Plaintiffs replied to Gore's Response.

The Model Patent Jury Instructions for the Northern District of California provide two alternative jury instructions on obviousness. See Model Patent Jury Instructions for the Northern District of California § 4.3b (2007). Both versions include a footnote citing KSR Int'l Co. v. Telefax, Inc., 127 S. Ct. 1727, 1745 (2007), and Dippin' Dots, Inc. v. Mosey, 476 F.3d 1337, 1343 (Fed. Cir. 2007), and stating that the instruction provides the jury with a guide for analyzing obviousness. Both versions state that the court is to make the ultimate legal determination as to obviousness. KSR Int'l, 127 S.Ct. at 1745, was on review by the Supreme Court after the district court granted summary judgment and the Federal Circuit reversed. The Supreme Court there stated that "[t]he ultimate judgment of obviousness is a legal determination." In Dippin' Dots, 476 F.3d at 1343, the Federal Circuit reviewed the district court's ruling on the motion for JMOL regarding obviousness; it stated that "[the Federal Circuit] reviews a jury's conclusions on obviousness, a question of law, without deference."

Citing KSR Int'l and Dippin' Dots, Gore asserts that the jury's decision on obviousness is advisory only. Gore then suggests that the way to proceed in this case is for

1 the parties to brief the issue of obviousness before the Court makes the final determination
2 on the issue and enters judgment.

3 Though KSR Int'l and Dippin' Dots state that obviousness is a question of law, the
4 cases were on appellate review from summary judgment and the district court's
5 determination of a JMOL motion regarding obviousness, respectively. Thus, they were not
6 in the same posture as the instant case. Furthermore, Dippin' Dots appears to support ruling
7 on the currently-pending JMOL motion, entering judgment, and then making the legal
8 determination when ruling on a renewed JMOL motion because in Dippin' Dots the Federal
9 Circuit was reviewing the jury's conclusions on obviousness in the context of a JMOL
10 motion.

11 In contrast to Gore's position, Plaintiffs assert that obviousness is a question of law
12 that rests on the underlying factual findings and that, although the judge remains the ultimate
13 arbiter on the obviousness issue, the Court is not to redo the jury's work. Thus, Plaintiffs
14 contend that the normal sequence of events following a jury verdict of non-obviousness is:
15 "(1) automatic entry of judgment on the verdict . . . ; (2) within 10 days, the losing party,
16 whose earlier motion for [JMOL] has been denied, may file a [renewed] motion for [JMOL]"
17 (citing Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 895 (Fed. Cir. 1984)).
18 Bard claims that Gore recognizes that this is the appropriate course, otherwise it would not
19 have filed its Motion for JMOL on the jury's finding of non-obviousness.[1] Plaintiffs state
20 that, although the jury's verdict of non-obviousness is binding, the court still has the
21 responsibilities concerning the legal question of obviousness, specifically in instructing the

---

[1] During the June 11, 2008 oral argument on this issue, Gore argued that it had filed its JMOL motion on obviousness a month before the end of trial and well before this issue arose. However, had Gore believed then that the way to proceed was not to present the issue to the jury, it seems that Gore would have raised the issue with the Court at that time or it simply would not have filed a JMOL motion on obviousness in confidence that the issue of obviousness was one for the Court. Instead, Gore filed a JMOL motion regarding obviousness, appearing to acknowledge that the Court's determination on obviousness generally takes place at the renewed JMOL stage of the proceedings.

- 3 -

1 jury and in evaluating renewed JMOL motions. Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1515 (Fed. Cir. 1984).

After the parties submitted their briefs on the obviousness issue, Gore submitted a notice of supplemental authority calling the Court's attention to the Federal Circuit's March 28, 2008 decision in Agrizap, Inc. v. Woodstream Corp., 520 F.3d 1337 (Fed. Cir. 2008), which addressed how a jury verdict of non-obviousness is treated post-verdict. Gore asserts that in Agrizap, the Federal Circuit concluded that the patent claims were invalid for obviousness despite the PTO's consideration of the same prior art references during patent prosecution and despite the jury's verdict that the claims were not obvious. Gore claims that Agrizap supports its position that the jury verdict should be advisory only and that the parties should brief the issue for the Court to determine. Gore states that it "stands ready to . . . brief[] . . . the issue of whether Claims 20-27 of the Goldfarb patent are invalid for obviousness in light of the Volder and Matsumoto prior art publication."

In Agrizap, a jury found that the defendant infringed and that the asserted patent claims were not obvious. The district court entered a judgment in favor of patentee. The defendant moved post-verdict for judgment as a matter of law asserting that the patent claims were obvious, on the same grounds stated in its pre-verdict JMOL motion. Agrizap, Inc. v. Woodstream, Corp., 514 F. Supp. 2d 714, 720-21 (E.D. Pa. 2007). In denying defendant's post-verdict obviousness JMOL motion, the district court did not treat the jury's verdict as merely advisory, but instead deferred to the jury's "explicit [and] implicit" factual findings and held that the obviousness verdict must stand because "[t]he jury thereby was not unreasonable and had a sufficient evidentiary basis for its decision." Id. Although the Federal Circuit reversed on appeal, it reiterated that the jury's verdict on obviousness was entitled to a "high level of deference."

Plaintiffs contend that Agrizap supports finding that the jury's decision on obviousness is not advisory and that the Court should enter judgment based on a jury verdict of nonobviousness and then Gore can file a renewed Motion for JMOL asserting

- 4 -

1 obviousness. Plaintiffs further contend that Gore's post-verdict JMOL motion or appeal is
2 limited to the issue of whether Claim 20 is obvious in light of the Volder publication and that
3 Gore has not preserved the issue of obviousness with regard to any other claims or the
4 Matsumoto article.

5 In reply, Gore argues the following: (1) the jury's finding of non-obviousness was
6 advisory only; (2) the issue of obviousness stretches over the entire record, rather than just
7 claim 20 because Gore raised the issue in a JMOL motion, therefore, the issue is preserved
8 generally; and (3) the Court should not give deference to the jury's decision on obviousness
9 because the essential facts relating to obviousness were not in dispute and, therefore, were
10 not considered by the jury.

11 Plaintiffs move to strike Gore's Reply as improper contending that Gore's Notice of
12 Supplemental Authority cites "new authority" that does not actually support its position in
13 an effort to re-present and rehash its previous arguments.

14 In response to Plaintiffs' Motion to Strike, Gore asserts that it needed to file a Reply
15 to its Notice of Supplemental Authority because Plaintiffs raised new issues in their
16 Response to the Notice. However, in its Response to Plaintiffs' Motion to Strike, Gore
17 seems to back away from arguing that the law supports finding the jury's determination on
18 obviousness advisory. Instead, Gore strongly asserts that the parties stipulated that the jury's
19 obviousness determination would be advisory. In support of this position, Gore cites Fuji
20 Photo Film Co., Ltd. v. Jazz Photo Hong Kong Ltd., 394 F.3d 1368 (Fed. Cir. 2005). In Fuji
21 Photo, the Court understood that the parties had agreed that "the jury will render an advisory
22 opinion as to the number of repaired and/or reconstructed cameras, which the Court will
23 consider, but not be bound by in rendering its ruling on the issue." Id. at 1375. On appeal,
24 the Federal Circuit stated that "the parties' stipulation rendered the jury's determination of
25 repaired [cameras] advisory. Thus, the district court retained the right to make its own
26 determination . . . . This Court detects no error in the District Court's determination to honor
27 the parties' stipulation. Id.

28

- 5 -

Though there was discussion during the charge conference about the treatment of the jury's obviousness determination, it is not clear from that discussion that there was a stipulation on the issue.[2] Therefore, Fuji Photo would not apply here. This is especially true in light of the extensive written documentation of all the other stipulations in this case. The parties have submitted a large stack of written stipulations regarding an array of issues including detailing each document admitted without objection during trial and the order in which witnesses will testify. The Court does not find Mr. Swinton's comments at the charge conference that the issue of obviousness is for the Court to decide, even coupled with Mr. Dunkelman's comment that the parties had agreed to an advisory jury verdict on the issue equates to a stipulation regarding when and how the Court will make the legal and, according to Gore, the factual determination on obviousness. (See Local Rule 83.7, stating that "[n]o agreement between parties or attorneys is binding, if disputed, unless it is in writing signed by the attorney of record or by the unrepresented party, or made orally in open court and on the record; provided, however, that in the interests of justice the Court shall have the discretion to reject any such agreement.")

---

[2] During the charge conference, Plaintiffs' counsel, Steve Swinton, stated as follows about the issue of obviousness and the Ninth Circuit instructions:

> I don't think there's any disagreement between the parties, as the essence – the fundamental issue of obviousness is one – is a matter of law for the Court to ultimately decide, based upon the verdict and the findings that the jury may provide. And I think that is the – the essence of what the jury does with respect to obviousness, so I think the parties all agree, and that's to provide the Court with at least an advisory verdict on those fact, and that that, I believe, is what the footnote indicates.

Gore asserts that Mr. Swinton's statement, combined with Gore's counsel, Brett Dunkelman's response that the parties "agree that the ultimate issue of obviousness is for [the Court] to decide" equates to a stipulation that the jury verdict is advisory only and that the Court must decide the legal and factual issues of obviousness before entering judgment.

- 6 -

It appears that Gore would have the Court review and address the issue of obviousness in the same manner as its review of Gore's claims of inequitable conduct – basically a trial to the Court on obviousness. Clearly, this is not what was contemplated during the charge conference or at any other time prior to or during trial. This procedure was never detailed in writing or outlined sufficiently in open court to constitute a stipulation. Therefore, the Court will review obviousness in accordance with the law in this area and will proceed in the normal manner in evaluating the issue as a matter of law.

In sum, it is clear that obviousness is a question of law for the Court to decide. The issue then becomes at what point the Court makes the obviousness determination. Most of the case law demonstrates that a court may consider the law, and the factual underpinnings, at the renewed JMOL stage. See Agrizap, 520 F.3d 1337; Dippin' Dots, 476 F.3d 1337; Duro-Last Inc. v. Custom Seal, Inc., 321 F.3d 1098 (Fed. Cir. 2003); Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565 (Fed. Cir. 1986); Modine Mfg. Co. v. Allen Group, Inc., 917 F.2d 538 (Fed. Cir. 1990); Connell v. Sears, Roebuck & Co., 722 F.2d 1542 (Fed. Cir. 1983). This Court will proceed in this fashion. However, in light of the confusion during trial on the issue, any renewed JMOL motion Gore chooses to file as to obviousness shall not be limited to Claim 20 and the Volder article.

## II. GORE'S MOTION FOR JMOL THAT CLAIM 20 IS OBVIOUS IN LIGHT OF THE VOLDER PUBLICATION

Rule 50, Fed.R.Civ.P., states in relevant part as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>   (A) resolve the issue against the party; and
>
>   (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

- 7 -

"Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion . . . ." Acosta v. City and County of San Francisco, 83 F.3d 1143, 1145 (9th Cir. 1996); see also Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002) (a motion for judgment as a matter of law should be granted only "if the evidence . . . permits only one conclusion, and that conclusion is contrary to the jury's verdict."). "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986). In other words, to grant JMOL, there most be "no scenario by which a jury could have concluded" in the nonmoving party's favor. City Solutions, Inc. v. Clear Channel Commc'ns, 365 F.3d 835, 841 (9th Cir. 2004) (reversing grant of motion for JMOL).

A party seeking to establish that patent claims are invalid must overcome statutory presumption of validity set forth in 35 U.S.C. § 282 by clear and convincing evidence. Nystrom v. TREX co., Inc., 424 F.3d 1136, 1149 (Fed. Cir. 2005). This presumption of validity "exists at every stage of the litigation," Cannon Computer Sys., Inc. v. Nu-Kote Int'l, Inc., 134 F.3d 1985, 1088 (Fed. Cir. 1998), and "is never annihilated, destroyed or even weakened regardless of what facts are of record." ACS Hosp. Sys., Inc. v. Montefiore Hosp., 732 F.2d 1472, 1574-75 (Fed. Cir. 1984).

Moreover, where the matter alleged to be invalidating was expressly considered by the PTO, the party challenging validity has the "added burden . . . of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar with their work with the level of skill in the art and whose duty it is to issue only valid patents." Am. Hoist & Derrick Co. v. Sowa & Sons, Inc., 725, F.2d 1350, 1359 (Fed. Cir. 1984).

In this Motion, Gore asserts that Claim 20 is Obvious in light of the article entitled "A-V Shunts Created in New Ways," co-authored by Drs. Volder, Kirkham, and Kolff and

- 8 -

1  published in 1973. Gore argues that the only distinction between Claim 20 of the '135 patent
2  and the Volder article is that the Volder article describes the use of an average distance
3  between nodes of 5 microns, while claim 20 specifies 6 microns or more. Therefore, Gore
4  contends, based on the Volder article's recommendation, it would be obvious to try an
5  average distance between nodes greater than 5 microns, *i.e.*, 6 microns or higher. Thus, Gore
6  asserts that Claim 20 is nothing more than the predictable use of prior art elements according
7  to their established function. Gore's Motion relies on Dr. Goldfarb's testimony during trial
8  in which Gore claims that Dr. Goldfarb admitted that the Volder article disclosed all but one
9  of the limitations of Claim 20 of the '135 patent. Gore does not provide any evidence
10 concerning the level of skill in the art, which is required for a finding of obviousness.

11 A patent claim is invalid if the invention recited in the claim would have been obvious
12 to a person of ordinary skill in the field of the invention at the time it was made. Model
13 Patent Jury Instructions for the Northern District of California § 4.3b. The ordinary skilled
14 person is a person of average education and training in the field of the invention and is
15 presumed to be aware of all of the relevant prior art. Id.

16 There is substantial evidence to support a finding of non-obviousness, including the
17 following: (1) Dr. Volder's sworn affidavit declaring that his article does not render the '135
18 patent obvious; (2) the 28-year prosecution history in which the PTO considered the Volder
19 article before, during, and after the interference; (3) the continued failure of other researchers
20 using ePTFE, even after the Volder article was published; (4) Mr. Cooper's testimony in
21 1975 that even long after the publication of the Volder article, "other research centers had
22 not been successful"; and (5) Dr. Volder's own experiments continued to fail after the
23 publication of his article.

24 In light of the extensive evidence demonstrating non-obviousness and the limited
25 evidence Gore presented to establish that Claim 20 is invalid for obviousness, the Court finds
26 that Gore has not meet its burden of showing that there is no legally sufficient basis for a
27 reasonable jury to find for Plaintiffs on the issue of obviousness.

28

**Accordingly,**

**IT IS ORDERED** denying Gore's Motion for JMOL that Claim 20 is Obvious in Light of the Volder Publication (Doc. 650).

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Strike Gore's Improper Reply Regarding its Notice of Supplemental Authority (Doc. 816).

DATED this 29th day of July, 2008.

_____
Mary H. Murguia
United States District Judge