**OSBORN MALEDON**
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2794

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile   602.640.9050

William J. Maledon, No. 003670
Brett L. Dunkelman, No. 006740
Osborn Maledon, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000
wmaledon@omlaw.com
bdunkelman@omlaw.com

David H. Pfeffer
Arnold I. Rady
James W. Gould
Morgan & Finnegan, LLP
3 World Financial Center
New York, NY  10281-2101
(212) 415-8700
(212) 415-8701

John S. Campbell
W. L. Gore & Associates, Inc.
551 Paper Mill Road
Newark, Delaware  19714

Attorneys for W. L. Gore & Associates, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> W. L. Gore & Associates, Inc., <br><br> Defendant. <br><br> ——— <br><br> W. L. Gore & Associates, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> Bard Peripheral Vascular, Inc., David Goldfarb, M.D., and C. R. Bard, Inc., <br><br> Counterdefendants. | No.: CV-03-0597-PHX-MHM <br><br> **GORE'S RULE 50(B) MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING WILLFUL INFRINGEMENT AND RULE 59(A) MOTION FOR NEW TRIAL ON THE ISSUE** <br><br> **(Oral argument requested)** |

2223338

1  Pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure,
2  W. L. Gore & Associates, Inc. ("Gore") renews its motion for judgment as a matter of
3  law ("JMOL") regarding Plaintiffs' claim of willful infringement (Doc. No. 651), and,
4  in the alternative, moves for a new trial on the issue of willfulness.
5  The jury's verdict of willfulness can only be sustained if there is substantial
6  evidence in the trial record that Gore's actions were both objectively and subjectively
7  reckless with respect to <u>all</u> of its defenses of non-infringement, invalidity, and
8  unenforceability.  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir.
9  2007).  If trial evidence shows that any of these three types of defenses was not
10 "objectively unreasonable," there can be no willful infringement.  Moreover, if Gore
11 shows subjective good faith belief (even if later found to be incorrect) that its actions
12 were justified, that also necessarily defeats a claim of willful infringement.  *See, e.g.,*
13 *ResQNet.com, Inc. v. Lansa, Inc.,* 533 F. Supp. 2d 397, 420 (S.D.N.Y. 2008) ("While
14 Lansa was ultimately unsuccessful in defending against infringement or proving
15 invalidity with regard to the '075 Patent, its arguments in these areas were substantial,
16 reasonable, and far from the sort of easily-dismissed claims that an objectively
17 reckless infringer would be forced to rely upon.").
18 In denying Gore's Rule 50(a) motion on the issue of willful infringement, the
19 Court unquestionably applied the wrong legal standard.  Accepting the erroneous
20 arguments advanced by Plaintiffs, the Court states that the "extensive litigation
21 history before the PTO" and the fact "that Gore relied on the same references" that the
22 PTO had considered amounted to clear and convincing evidence of willful
23 infringement.  (Doc. No. 833 at 4).  This conclusion by the Court, however, is
24 inherently inconsistent with the applicable legal standard of "objectively
25 unreasonable" and altogether ignores the second prong of "subjective good faith."
26 Gore presented evidence of numerous well-founded defenses, *e.g.*, invalidity
27 for lack of novelty and non-obviousness and unenforceability for repeated acts of
28 inequitable conduct.  Although these defenses were ultimately rejected by the jury

-1-

and/or the Court, that does not mean that they were objectively unreasonable. The reliance on proceedings before the PTO as clear and convincing evidence of objective unreasonableness turns the applicable legal standard on its head because Gore had no ability to challenge validity of the '135 Patent before the PTO. Indeed, as the Court well knows and as even the 18-minute FJC video shown to the jury at the outset of the case made clear, validity is an issue that can only be raised by Gore in a jury trial and Gore's assertions of invalidity were not decided in the PTO. To suggest, as the Court does, that Gore should have abandoned its invalidity arguments based on events that occurred in the PTO effectively negates the "objectively unreasonable" legal standard for finding willful infringement. This also flies in the face of numerous Federal Circuit cases holding patents invalid over art cited in the PTO. *See*, *e.g.*, *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1355-72 (Fed. Cir. 2007) (holding patent invalid as obvious over art considered by the PTO); *Pharmastem Therapeutics v. Viacell, Inc.*, 491 F.3d 1342, 1360-65 (Fed. Cir. 2007); *Prima Tek II, L.L.C. v. Polypap, S.A.R.I.*, 412 F.3d 1284, 1287 (Fed. Cir. 2005) (holding patent invalid as anticipated by art considered by the PTO); *Tyler Refrigeration v. Kysor Indus. Corp.*, 777 F.2d 687, 690 (Fed. Cir. 1985).

Further, Gore's subjective good faith is established by its reliance upon the unchallenged opinion from qualified, outside counsel on numerous bases for the invalidity of the '135 patent. Mr. Sininger's testimony of Gore's reliance on the opinion of invalidity is more than sufficient.[1] On the trial record, Plaintiffs cannot show either that Gore's actions were either objectively unreasonable or subjectively unreasonable.

---

[1] Plaintiffs' cross examination of Mr. Sininger focused on the opinion's lack of focus on infringement and inequitable conduct. This argument was misleading to the jury. As stated in *Innogenetics, N.V. v. Abbott Labs.*, 2007 U.S. Dist. LEXIS 193, at *37 (E. D. Wis. Jan. 3, 2007), *aff'd-in-part* 512 F. 3d 1363, 1381 (Fed. Cir. 2008), attacking an opinion because it does not address infringement is a "red herring" since one cannot infringe an invalid patent. Plaintiffs' jury argument on inequitable conduct is particularly egregious, since they fought hard to keep the evidence of inequitable conduct from the jury.

1  Finally, Plaintiffs unfairly prejudiced the jury against Gore by
2  mischaracterizing the law of willfulness. Plaintiffs affirmatively argued that the lack
3  of an opinion addressing infringement was evidence of willful infringement.
4  Plaintiffs also affirmatively argued that Gore erred by not seeking an updated opinion
5  after the Court's claim construction ruling.[2] Both of these arguments are legally
6  erroneous, and misled the jury into its erroneous verdict, providing a separate basis
7  for a new trial on the issue. (Closing Argument 12/06/2007 Trial Tr. 3474:3-11,
8  3483:5-11, 3551:18-23, 3647:20-23).[3]

## I. LEGAL STANDARD

### A. Judgment As A Matter Of Law

A motion for judgment as a matter of law should be granted if, on reviewing the entire record, there is no legally sufficient basis for a reasonable jury to find for the non-moving party on an issue. FED.R.CIV.P. 50(a); *Harris Corp. v. Ericsson, Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005); *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). The Court should not allow the verdict to stand when there is a lack of substantial evidence, viewed in the light most favorable to the successful party, to support the jury's factual findings, or if the legal conclusions implied from the verdict cannot be supported by those findings. *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004).

---

[2] Gore's conduct during litigation is irrelevant to the willfulness issue. *In re Seagate*, 497 F.3d at 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively be grounded in the accused infringer's pre-filing conduct."). Further, Plaintiffs' failure to move for a preliminary injunction evidences substantial questions of infringement, validity and enforceability that preclude a finding of willfulness. *Id.* Plaintiffs effectively conceded such in failing to move for summary judgment on any of Gore's trial defenses, thereby sending the numerous issues of disputed fact to the jury for determination under the Court's Pre-Trial Order.

[3] Gore incorporates by reference those arguments made in Gore's Motion For JMOL Regarding Plaintiffs' Claim of Willful Infringement (Doc. No. 651), Gore's Reply Memorandum In Support Of Its Motion For JMOL Regarding Plaintiffs' Claim Of Willful Infringement (Doc. No. 666), and Gore's Opposition To Plaintiffs' Motion For Judgment As A Matter Of Law Regarding Willful Infringement (Doc. No. 745).

**B.     New Trial**

The power to grant a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *see also* FED.R.CIV.P. 59(a) ("any reason for which a new trial has heretofore been granted…"). Among the bases for the grant of such a motion are improper legal arguments by the winning party and unfair prejudice to the losing party. *Tesser v. Bd. of Educ. Of City Sch. Dist. of the City of New York*, 370 F.3d 314, 321 (2d Cir. 2004) (unfair prejudice to losing party); *see California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1405 (9th Cir. 1995) (attorney misconduct by winning party).

Unlike a Rule 50(b) motion, "[o]n a new trial motion, a district court has the right and duty 'to weigh the evidence as he saw it . . . .'" *Clanahan v. McFarland Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 58710, at *12-15 (E. D. Cal. 2007) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)). "Even if substantial evidence supports the jury's verdict, a district court may grant a new trial if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *Id.* at *12-13 (quoting *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999)).

**C.     Willful Infringement**

Willful infringement requires that a patentee show by clear and convincing evidence two things. First, the infringer must have acted despite ***an objectively high likelihood*** that its actions constituted infringement of a valid and enforceable patent. Second, this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer. *In re Seagate*, 497 F.3d at 1371. Thus, a verdict of willful infringement requires clear and convincing evidence both that Gore's defenses were objectively unreasonable, and that Gore's actions were subjectively improper.

-4-

An adverse inference cannot be drawn from an opinion that does not contain all of the defenses set forth by an accused infringer at trial. *Innogenetics*, 2007 U.S. Dist. LEXIS 193, at *60 ("It is true that they did not address infringement but that omission is a red herring, since one cannot infringe an invalid patent. It was not bad faith for defendant to seek an opinion limited to validity if it believed that the '704 patent was invalid in fact."). Where an accused infringer does rely on an opinion of counsel, it is "[o]nly if counsel's opinion is found to be incompetent or issued without full knowledge of the facts may a jury discount it in determining a party's good faith." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006).

## II.   ARGUMENT

### A.   Gore's Actions Were Not Objectively Reckless In View Of Its Substantial Trial Defenses.

Plaintiffs' arguments at trial on willful infringement are riddled with mischaracterization of the law of willful infringement. Disregarding the Federal Circuit's clear prohibition on invoking Gore's state of mind in establishing whether its actions were objectively reckless, Plaintiffs repeatedly have injected Gore's subjective beliefs into their argument regarding objective recklessness. For example, in discussing Gore's understanding of the Court's claim construction, Plaintiffs' counsel argued at trial:

> And as Mr. Sininger discussed, and as the Gore people have understood all along, and this is relevant to the idea of how reckless they were in terms of going forward with this case. Remember, you are also not just being asked to decide an infringement, but whether that infringement was willful, and as the Court discussed, ***whether it was objectively reckless***. And ***they knew*** that when those words in patent the were used, that they were used in the way that people of skill in the field use them.

(Closing Argument 12/06/2007 Trial Tr. 3474:3-11; *see also* Closing Argument 12/06/2007 Trial Tr. 3483:5-11, 3551:18-23, 3647:20-23).

As discussed *supra*, what Gore may have known or believed is wholly irrelevant to the first step of the *Seagate* analysis. "The infringer's state of mind is not relevant to this initial objective inquiry." *ResQNet.com*, 533 F. Supp. 2d at 420 (denying willful infringement claim where patentee relied solely on subjective

evidence of recklessness). Applying *Seagate*, the court in *ResQNet.com* rejected allegations of willfulness where the alleged infringer asserted defenses that were "substantial, reasonable, and far from the sort of easily-dismissed claims that an objectively reckless infringer would be forced to rely upon." *Id.*[4]

### B. Gore's Reliance Upon A Competent Opinion Of Counsel Satisfies *Seagate*'s Subjective Good-Faith Inquiry.

Gore obtained a legal opinion of independent, outside counsel to assess the validity of the '135 Patent prior to the filing of the Complaint. (DX3841; Sininger 12/04/2007 Trial Tr. 3003:19-25). The head of Gore's medical products division, Mr. Sininger, requested that assessment of the '135 Patent, including the validity of its claims, shortly after the patent issued in August 2002.[5] (Sininger 12/04/2007 Trial Tr. 3004:15-22, 3021:11-23).

The resulting opinion is dated November 20, 2002 (before the Complaint was filed), and spans well over 200 pages with its attachments. (DX3841). After studying the '135 Patent, its prosecution history, and the prior art, the author (an experienced patent attorney) concluded that all claims of the '135 Patent are invalid for not just one, but for ***several grounds***. (DX3841).

---

[4] Plaintiffs have also implied that Gore's decision to wait to invoke its option until after the '135 Patent's validity was assessed supports a finding of objective recklessness. (Doc. No. 656 at 9, fn. 6) Such considerations, however, have no bearing on the objective inquiry:

> All of the evidence advanced by plaintiff goes to the second component of the *Seagate* test -- what defendant knew or should have known with respect to the likelihood of infringement. That plaintiff accused defendant of infringement or defendant sought a license has no bearing on whether there was an objectively high likelihood that its product infringed. It goes to the defendant's knowledge and state of mind, which *Seagate* holds irrelevant to the objective inquiry.

*Franklin Elec. Co. v. Dover Corp.*, 2007 U.S. Dist. LEXIS 84588, at *22 (W. D. Wis. 2007).

[5] This assessment could only be done after the '135 Patent issued. Prior to issuance, it was held in secret by the Patent Office. (McDermott 11/16/2007 Trial Tr. 1702:1-5; Bjorge 11/30/2007 Trial Tr. 2762:3-2763:20). Given that, even Plaintiffs' witness conceded that it was reasonable for Gore to ask questions about claims 20 to 27 of the '135 Patent only after the patent issued. (McDermott 11/16/2007 Trial Tr. 1702:13-1703:1).

1    Such competent opinions of counsel are de rigueur in patent litigation. This is
2 because subjective "[g]ood faith may normally be shown by obtaining the advice of
3 legal counsel as to infringement or patent validity." *Liquid Dynamics*, 449 F.3d at
4 1225; *Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.*, 34 F.3d 1048, 1056 (Fed. Cir.
5 1994) (possession of a favorable opinion of counsel is an "important" factor when
6 considering willful infringement).

7    "Those cases where willful infringement is found despite the presence of an
8 opinion of counsel generally involve situations where the opinion of counsel was
9 either ignored or found to be incompetent." *See Read Corp. v. Portec, Inc.*, 970 F.2d
10 816, 826-30 (Fed. Cir. 1992) (overturning a finding of willful infringement where
11 defendant relied on two opinions of counsel, engaged in numerous conversations with
12 counsel, and the defenses asserted in the litigation tracked those discussed in the
13 opinions).

14    Mr. Sininger "absolutely" relied on that legal opinion in deciding to continue
15 to manufacture Gore's products, notwithstanding the issuance of the '135 Patent.
16 (Sininger 12/04/2007 Trial Tr. 3007:7-10). In Mr. Sininger's view, the opinion
17 established that Gore could continue to manufacture and sell its life saving medical
18 products as it had been doing since 1975, some 27 years before the '135 patent issued:

19/20/21
> Q. And just so the record is clear, Mr. Sininger, based on the opinion from Gore's counsel that you have in front you, which is Exhibit 3841, did you believe that Gore had a good faith basis for continuing to manufacture and sell Gore's vascular graft products pending the outcome of this litigation?

22
> A. Yes, absolutely.

23 (Sininger 12/04/2007 Trial Tr. 3008:19-24).

24    Nothing that Mr. Sininger heard during the trial contradicted his understanding
25 of the November 2002 opinion of counsel. (Sininger 12/04/2007 Trial Tr. 3056:25 –
26 3057:5). Throughout trial, Mr. Sininger has remained resolute in his view that the
27 '135 Patent claims are invalid.

28

As discussed *supra*, it is only if counsel's opinion is found to be incompetent or issued without full knowledge of the facts may a jury discount it in determining a party's good faith. *Liquid Dynamics*, 449 F.3d at 1225. Plaintiffs made no attempt at trial to prove that the opinion of counsel relied upon by Gore was incompetent or that Gore's opinion counsel wrote the opinion without full knowledge of the facts. In fact, Plaintiffs never explored the substance of Gore's opinion during the jury trial other than to make the conclusory and prejudicial observation that it related to invalidity, but did not address non-infringement or inequitable conduct. Further, Plaintiffs did not call Gore's opinion counsel as a witness at trial in order to prove either incompetence or lack of full knowledge of the facts.

Instead of addressing the merits of Gore's opinion on invalidity, Plaintiffs misled the jury by repeatedly referring to Gore's non-infringement defense as showing willfulness. (*See, e.g.*, Sininger 12/04/2007 Trial Tr. 3035:13-16; 12/06/2007 Trial Tr. 3479:17-24). Gore's assertion of a non-infringement defense at trial in no way undercuts or suggests a lack of belief in the sufficiency of Gore's opinion of invalidity.

By contrast, Gore's invalidity defenses at trial largely tracked the reasoning set forth in its opinion of counsel, further demonstrating the legitimate reliance upon that opinion.[6] Innogenetics, 2007 U.S. Dist. LEXIS 193, *61 ("As was the case in *Read*, 970 F.2d at 829, the defenses put forward by defendant in this case tracked the

---

[6] It is not required that Gore prove absolute belief that the defenses in its opinion would prove victorious:

> As *Seagate* explains, when determining objective recklessness, the focus is on the *likelihood* that an infringer's actions constitute infringement of a valid patent. 497 F.3d at 1371. In the area of patent infringement, a showing of objective reasonableness (which negates the existence of recklessness) does not require that the would-be infringer know conclusively, i.e.- with one hundred percent certainty, that his actions are legitimate. Instead, the infringer need only show there was a reasonable basis for him to believe his actions were legitimate.

*Abbott Labs. v. Sandoz, Inc.*, 529 F. Supp. 2d 893, at *9 (N.D. Ill. 2007) (emphasis in original).

-8-

defenses set forth in the opinion and required a full trial. In itself, this is evidence that the opinion writers did their job.").

### C. Plaintiffs Have Impermissibly Asked The Court And Jury To Draw An Adverse Inference From Its Opinion Of Counsel.

Plaintiffs improperly asked the jury (and the Court) to draw adverse inferences because Gore's unchallenged opinion of counsel addresses only invalidity. At trial, Plaintiffs' counsel pursued a line of questioning with Gore's corporate representative, Mr. Sininger, intended to imply to the jury culpability for willful infringement based on (1) the lack of an opinion of counsel addressing infringement and (2) the alleged failure to obtain an updated opinion on validity after the Court's claim construction order issued:

> Q. You have no opinion of counsel that you are not infringing on the Goldfarb patent, correct?
>
> A. We do not. I sought that information in an alternate way.
>
>    *  *  *
>
> Q. Well, we will get to that answer in a minute. But you have not asked any lawyer, any law firm to give you an opinion that you are not infringing on the Goldfarb patent, correct?
>
> A. Not a written opinion, no.
>
>    *  *  *
>
> Q. Do you think that's reasonable, not to have gotten an update after the Court ruled on how to construe the claims?
>
> A. An update in the course of this litigation?
>
> Q. Yes, sir.
>
> A. Yeah, I think that's reasonable.

(Sininger 12/04/2007 Trial Tr. 3035:4 – 3036:8; see also Doc. No. 656 (p. 1, "Gore failed to obtain an opinion of counsel supporting a claim of non-infringement"), (p. 12, Gore's opinion "does not even discuss inequitable conduct")).

An opinion can rebut a charge of willful infringement without addressing all possible defenses. For example, in *Knorr-Bremse*, the Federal Circuit specifically *rejected* prior case law holding that "to avoid liability for willful infringement … an

-9-

exculpatory opinion of counsel must address all potential infringement and validity issues." *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337, 1345-46 (Fed. Cir. 2004); *see also Innogenetics,* 2007 U.S. Dist. LEXIS 193, at *62 ("Counsel is not required to be correct or to identify every possible argument; counsel's client is not held to know more than its counsel or even enough to undertake a critical examination of the opinions it receives."). Indeed, the legal reasoning of an exculpatory opinion can be ***incorrect***, so long as it is ***plausible***. *See, e.g., Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1381 (Fed. Cir. 2005) (upholding district court's finding of no willfulness in case in which defendant's in-house patent counsel interpreted claim incorrectly because counsel's "analysis was not entirely implausible").

Plaintiffs here sought to bifurcate the unenforceability issue on the eve of trial. When this request was granted, the jury was precluded from properly considering the ample evidence of inequitable conduct as part of its objective recklessness determination.[7] Gore respectfully submits that the evidence presented during this phase of the case in and of itself is sufficient to demonstrate objective reasonableness to defeat Plaintiffs' claim of willfulness as a matter of law. (*See* Inequitable Conduct Trial Days 12/07/2007, 12/11/2007, and 12/12/2007). In the alternative, a new trial should be had in which the jury can hear evidence as to all Gore's defenses, including inequitable conduct.

Plaintiffs have further argued to the Court that Gore's trial defenses "are irrelevant to willfulness" (Doc. No. 656 at 8, 12), explicitly asking the Court to undertake its objective analysis based *solely* on Gore's *state of mind* prior to suit, as

---

[7] Although the jury was permitted to hear some of the evidence of inequitable conduct, the jury was not provided any legal instructions for how to assess this evidence. Moreover, Gore's counsel was forbidden from addressing the issue in closing remarks to the jury. Consequently, the probative value of evidence of inequitable conduct could not be fully considered by the jury. Therefore, its willfulness verdict is of no legal effect because the jury was precluded from considering Gore's defense of inequitable conduct.

1  purportedly evidenced in its opinion of counsel.  This request flies in the face of the
2  Federal Circuit's clear admonition that "[t]he state of mind of the accused infringer is
3  not relevant to [the] objective inquiry." *Seagate*, 497 F.3d at 1371.  To comply with
4  *Seagate*, the objectively-defined risk *must be* "determined by the record developed in
5  the infringement proceeding." *Id.*

6  In *Seagate*, the Federal Circuit made it clear that even defenses developed in
7  opinions obtained *after* the commencement of litigation may serve as the basis for
8  defeating a claim of objective recklessness.  *Seagate*, 497 F.3d at 1374.  The only
9  relevance that the timing of the development of defenses has to willfulness relates to
10 the second, subjective, step of the analysis.  *Id.*  "[A] competent opinion of counsel
11 concluding either that [the accused infringer] did not infringe the [asserted] patent *or*
12 that it was invalid would provide a sufficient basis for [the accused infringer] to
13 proceed without engaging in objectively reckless behavior with respect to the
14 [asserted] patent."  *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1339 (Fed.
15 Cir. 2008) (emphasis in original) (reversing district court's denial of JMOL with
16 respect to willfulness jury verdict where the accused infringer obtained an opinion of
17 counsel on noninfringement alone, but asserted noninfringement and invalidity
18 defenses at trial).

19 **III.   CONCLUSION**

20 Gore cannot properly be found to have willfully infringed the '135 Patent
21 because its conduct was far from objectively and subjectively reckless as required by
22 *Seagate*.  At trial, Gore produced substantial evidence that (1) the asserted claims
23 were invalid, (2) its products did not infringe the asserted claims, and (3) the
24 '135 Patent was improperly procured from the PTO through inequitable conduct, and
25 is therefore unenforceable, even though the jury deciding willfulness did not hear
26 nearly three days of evidence and was not charged on that issue.  Gore was also
27 precluded from referring to inequitable conduct in its closing.  As such, Gore's
28

conduct was not objectively reckless and the jury verdict based on an incomplete record and misleading arguments made by Plaintiffs cannot stand.

Moreover, Gore's subjective good faith is established by an unchallenged opinion of outside counsel, which Gore obtained shortly after the '135 Patent issued. That opinion concluded that the '135 Patent was not an obstacle because its claims were invalid. There is no legal requirement that the opinion also address infringement or inequitable conduct. Gore reasonably relied on that opinion.

For the reasons stated herein and contained in the incorporated filings, Gore respectfully requests that the Court grant judgment of a matter of law that Gore did not willfully infringe the '135 Patent, or, in the alternative, grant a new trial on the willful infringement issue.

DATED this 12th day of August, 2008

OSBORN MALEDON, P.A.

s/William J. Maledon
Brett L. Dunkelman
William J. Maledon
2929 North Central Avenue
Phoenix, Arizona 85012-2794

David H. Pfeffer
Arnold I. Rady
James W. Gould
Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, New York 10281-2101

John S. Campbell
W. L. Gore & Associates, Inc.
551 Paper Mill Road
Newark, Delaware 19714

Attorneys for W. L. Gore & Associates, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

Upon receipt of the Notice of Electronic Filing, a copy of the attached document and Notice of Electronic Filing will be hand delivered to the Honorable Mary H. Murguia

s/Deborah B. Dunn