**FENNEMORE CRAIG P.C.**
3003 NORTH CENTRAL AVENUE, SUITE 2600
PHOENIX, ARIZONA 85012-2913
PHONE (602) 916-5000
ANDREW M. FEDERHAR (#006567)

**LATHAM & WATKINS LLP**
885 THIRD AVENUE
NEW YORK, NEW YORK 10022
STEVEN C. CHERNY

**KIRKLAND & ELLIS, LLP**
Citigroup Center
153 E. 53rd St.
New York, New York 10022-4611
Steven C. Cherny
Attorneys for Plaintiffs/Counterdefendants Bard Peripheral Vascular, Inc. and David Goldfarb, M.D. and Counterdefendant C.R. Bard, Inc.

**OSBORN MALEDON, P.A.**
William J. Maledon (No. 003670)
Brett L. Dunkelman (No. 006740)
2929 North Central Avenue
Suite 2100
Phoenix, Arizona 85012-2794
(602) 640-9000
wmaledon@omlaw.com

**LOCKE LORD BISSELL & LIDDELL, LLP**
David H. Pfeffer
Harry C. Marcus
James W. Gould
3 World Financial Center
New York, NY 10281-2101
Attorneys for W. L. Gore & Associates, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> W.L. Gore & Associates, Inc., <br><br> Defendant. | No. CV-03-0597-PHX-MHM <br><br> **JOINT SUBMISSION ON (1) SUPPLEMENTAL DAMAGES, AND (2) COMPULSORY LICENSE, PURSUANT TO THE COURT'S MARCH 31, 2009 ORDER** <br><br> *(Assigned to the Hon. Mary H. Murguia)* |

| | |
|---|---|
| 1 | W.L. Gore & Associates, Inc., )|
| 2 | Counterclaimant, )|
| 3 | v. )|
| 4 | Bard Peripheral Vascular, Inc., )|
| 5 | David Goldfarb, M.D., and )<br>C.R. Bard, Inc. )|
| 6 | Counterdefendants. )|
| 7 | )|

Pursuant to the Court's March 31, 2009 Order, (Doc. No. 942), the parties respectfully submit the following proposed schedule(s) and statements regarding the remaining pre-appeal issues of (1) supplemental damages, and (2) a compulsory license.

**A. PROPOSED SCHEDULE(S)**

**1. Supplemental Damages**

| GORE PROPOSAL | | BARD PROPOSAL | |
|---|---|---|---|
| May 15 | Gore produces its unit sales and revenue for all infringing products for the period from July 1, 2007 through and including March 31, 2009 | May 15 | Gore to produce its unit sales and revenue for all infringing products for the period from July 1, 2007 thru and including March 31, 2009 |
| June 5 | BPV expert report and brief | June 5 | Bard opening brief and expert submission |
| June 15 | Complete deposition of BPV expert | June 12 | Deadline for deposition of Bard expert |
| July 3 | Gore response brief; Gore response expert report if necessary to dispute BPV's expert's calculation | July 3 | Gore opposition brief |
| July 15 | Complete deposition of Gore expert, if necessary | July 10 | Bard reply brief |
| July 29 | BPV reply brief | | |

**2. Compulsory License**

| GORE PROPOSAL | | BARD PROPOSAL | |
|---|---|---|---|
| June 29 | Gore and BPV opening expert reports and briefs | May 29 | Simultaneous expert submissions |
| July 15 | Complete expert depositions | June 17 | Deadline for expert depositions |

1

| GORE PROPOSAL | | BARD PROPOSAL | |
|---|---|---|---|
| Aug 11 | Simultaneous response and expert reports and response briefs and proposed findings of fact/conclusions of law | July 9 | Bard opening brief / proposed findings of fact and law |
| TBD | Evidentiary hearing | July 31 | Gore opposition brief / proposed findings of fact and law |
| | | Aug 12 | Bard reply brief |

**B.    SUPPLEMENTAL DAMAGES**

    **3.    Joint Statement**

*Scope of Supplemental Discovery.*  The parties agree that Gore will provide unit and dollar sales information for all infringing products for the period from July 1, 2007 through and including March 31, 2009 in an electronic spreadsheet format by May 15, 2009.  The parties agree that any expert submission provided concerning supplemental damages will be based on the trial record and the Gore supplemental discovery provided by May 15, 2009.

*The Reasonable Royalty Component of Supplemental Damages.*  The parties will brief the issue of the appropriate royalty base to which the jury verdict of a ten percent (10%) reasonable royalty should be applied.

    **4.    Plaintiffs' Statement**

*The Lost Profits Component of Supplemental Damages.*  The jury verdict awarded Plaintiffs lost profits damages in the amount calculated by Plaintiffs' economist, Gregory Leonard, Ph.D.  Accordingly, Dr. Leonard will calculate Plaintiffs' lost profits for the supplemental damages period in accordance with the methodology used at trial and will verify his calculations under penalty of perjury.  (Doc. No. 942 at 5 ("[T]he accounting of supplemental damages shall include supplemental post-judgment, lost profits damages.").)  Plaintiffs contend that Gore is not entitled, post trial, to have its economist, David Teece, Ph.D., dispute Dr. Leonard's supplemental lost profits damages

calculations or provide alternative calculations of supplemental lost profits damages because the jury already accepted Dr. Leonard's calculation, and rejected Dr. Teece's methodology of calculating damages and his criticisms of Dr. Leonard's calculations.

Supplemental damages is not a forum for Gore again to provide its expert's opinion regarding Dr. Leonard's calculations or to reargue a question definitively resolved by the jury verdict. The only task remaining is for Dr. Leonard to apply the same methodology accepted by the jury to updated data. To the extent Gore differs with the mathematical results of such calculations, no expert is required. Gore will have an opportunity to depose Dr. Leonard prior to filing its opposition brief.

*The Reasonable Royalty Component of Supplemental Damages.* Plaintiffs contend that testimony from either parties' economists is unnecessary to conduct the mathematical calculation of applying a 10% royalty to the appropriate royalty base. The disputed question of what constitutes the appropriate royalty base is a legal issue that will be briefed; expert testimony will only confuse and/or obfuscate the straightforward legal question facing the Court. The issue in dispute relates to each parties' contention regarding the appropriate royalty base to which the 10% rate should be applied in light of the jury's verdict.

The interpretation of the legal effect of the jury's verdict is not a forum for Gore to offer new expert opinions – outside the trial record and never presented to the jury – regarding a reasonable royalty. Accordingly, Plaintiffs contend no expert submissions (from either party) are appropriate for assessing the reasonable royalty component of supplemental damages to be applied in light of the jury verdict.

**5. Defendant's Statement**

Gore believes that its expert should have the opportunity, if necessary, to provide corrections to errors in BPV's calculation of supplemental damages. Dr. Leonard should not be the final arbiter of the accuracy of his own calculations. Gore's expert will

3

not reopen any issues decided by the jury, but will determine if Dr. Leonard's calculations follow the verdict and the methodology presented by Dr. Leonard at trial. In addition, Gore's expert would, if necessary, provide the mathematical calculation of the supplemental dollar damages taking into account Gore's position as to the correct royalty base (i.e., the royalty base employed by the jury in calculating reasonable royalty damages.) BPV's expert should of course do the same based on BPV's position as to the royalty base. If BPV's position varies from Gore's position, then Gore should have the opportunity to have its expert calculate supplemental damages utilizing Gore's position as to the correct royalty base. Otherwise, it would leave BPV free to argue that the Court should disregard Gore's calculations as not being based upon expert testimony. Of course, if Gore provides such a report, Gore's schedule provides for BPV to depose Gore's expert.

**B.      COMPULSORY LICENSE**

    **1.      Joint Statement**

*Scope of Discovery.* The parties agree that the appropriate scope of discovery is limited to submission of verified expert submissions by the parties' economists Drs. Leonard and Teece who testified at trial and depositions of such experts. The parties agree that the expert submissions will be based on (i) the trial record; (ii) declarations and publications filed as part of the briefing on a permanent injunction; (iii) the Gore supplemental discovery provided by May 15, 2009; and (iv) and other information relevant to determining a compulsory license which is appropriately considered by experts in forming their opinions (such information, if not part of the record, will be attached to the expert submissions).

*Term.* The parties agree that the term of the compulsory license is April 1, 2009 through August 20, 2019.

4

### 2. Plaintiffs' Statement

Gore contends without support that Plaintiffs bear the burden of proof on setting a compulsory license. Plaintiffs are aware of no authority assigning a burden of proof on the appropriate rate for a compulsory license. Unlike the assessment of past damages (which were Plaintiffs' burden, which Plaintiffs have proved and which the Court has held is supported by substantial evidence), the appropriate prospective royalty rate for a compulsory license is an equitable issue arising from the Court's denial of Plaintiffs' motion for a permanent injunction to prevent future willful infringement.

The Court has already found, at Gore's request, that an appropriate compulsory license can be adequate to compensate Plaintiffs for Gore's future infringement of the Goldfarb patent and that the issue of setting the terms of that involuntary "progressive compulsory license" is to be determined by the Court. (*See* Doc. No. 942 at 9.) There is no burden on the Plaintiffs. Accordingly, Plaintiffs propose the simultaneous exchange of expert submissions to be followed by a traditional briefing schedule with the parties filing proposed findings of fact and law with their initial briefs. Plaintiffs contend they are entitled to a reply brief to address any issues raised by Gore concerning the royalty rate that should be applied in the absence of a permanent injunction.

Plaintiffs believe an evidentiary hearing is not mandatory but may be held at the Court's discretion.

### 3. Gore's Statement

Although as Plaintiff BPV continues to have the burden of proof on damages, BPV has insisted on simultaneous opening expert reports instead of the procedure contemplated by Fed.R.Civ.P. 26(a)(2) – i.e., expert report submitted first by the party having the burden of proof followed by response report by the adverse party. To avoid dispute, Gore agrees to BPV's proposed procedure for simultaneous opening expert

5

reports, provided there also be simultaneous expert response reports as called for Gore's proposed schedule. Briefing should also be simultaneous, with each party having an opening and a response. With this, BPV should not in fairness get a reply brief. BPV cannot in fairness argue that neither party bears the burden of proof, then insist on a reply brief. BPV should not enjoy the benefits afforded the party with the burden of proof (i.e., have the last word) if it does not bear the burden of proof. Plaintiffs' concern that it be able to respond to any issues raised by Gore's papers equally applies to Gore's ability to respond to issues raised in BPV's expert reports and opening brief. That concern is fairly addressed for both parties by Gore's proposal for simultaneous response briefs and expert reports. In addition, Gore's schedule will allow completion slightly ahead of BPV's proposal. Because an evidentiary hearing may aid the Court in making findings of fact, Gore proposes that such a hearing be held on a date to be determined by the Court.

RESPECTFULLY SUBMITTED this 16th day of April, 2009.

Bard Peripheral Vascular, Inc.,
David Goldfarb, M.D.
& C. R. Bard, Inc.
By their attorneys,

By:     s/Andrew M. Federhar

**FENNEMORE CRAIG P.C.**
ANDREW M. FEDERHAR
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Phone (602) 916-5000

**LATHAM & WATKINS LLP**
MAXIMILIAN A. GRANT
555 Eleventh Street, N.W.
Washington, DC 20004
Phone (202) 637-2200

**KIRKLAND & ELLIS LLP**
STEVEN C. CHERNY
153 East 53rd Street
New York, New York 10022

Attorneys for W.L. Gore & Associates,
OSBORN MALEDON, P.A.

By: s/Brett L. Dunkelman
    William J. Maledon, Esq.
    Brett L. Dunkelman, Esq.
    2929 N. Central Ave., Ste. 2100
    Phoenix, AZ 85012-2794

**LOCKE LORD BISSELL & LIDDELL, LLP**
David H. Pfeffer
Harry C. Marcus
James W. Gould
3 World Financial Center
New York, NY 10281-2101

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 16, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

       /s/ Katrina Thomas
       Secretary for Andrew M. Federhar

2187477/13141.002

8