1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9   Bard Peripheral Vascular, Inc. And David)      No. CV-03-0597-PHX-MHM
    Goldfarb, M.D.,                          )
10                                           )       **ORDER**
                    Plaintiff,               )
11                                           )
    vs.                                      )
12                                           )
                                             )
13  W.L. Gore & Associates, Inc.,            )
                                             )
14                  Defendant.               )
                                             )
15  _____)

16

17          Currently pending before the Court is the Parties' Joint Submission on Supplemental

18  Damages and a Compulsory License Pursuant to this Court's March 31, 2009 Order.

19  (Dkt.#954.)  After reviewing the Parties' joint submission, the Court directs the following

20  post-trial briefing schedule.

21          **I.      Supplemental Damages**

22          The issue of supplemental damages has two components: (1) a reasonable royalty rate

23  (which has been set by the jury at 10%), and (2) a lost profits calculation.  As a preliminary

24  matter, the Court accepts the Parties' stipulation concerning the scope of supplemental

25  discovery.  Turning to whether Gore may submit an additional expert report, the Court finds

26  that it will permit additional expert evidence from Gore on the issue of supplemental

27  damages, so long as Gore does not attempt to qualify a new expert witness or attempt to re-

28  litigate any issues of fact that have been conclusively resolved by the jury.  With respect to

1    a reasonable royalty rate, Gore may submit additional expert evidence to the extent Gore

2    believes that Bard's expert submission does not accurately reflect the reasonable royalty base

3    employed by the jury. Similarly, with respect to a lost profits calculation, Gore may submit

4    additional expert evidence to the extent it finds that Bard's expert submission does not

5    accurately reflect the lost damages calculations utilized by the jury.  The Court's briefing

6    schedule on the issue of supplemental damages is as follows:

7    **1.**      May 15, 2009: Gore produces its unit sales and revenue for all infringing products for

8              the period from July 1, 2007 through March 31, 2009.

9    **2.**      June 5, 2009: Bard's expert report and opening brief are due. The opening brief is

10            limited to 17-pages in length.

11   **3.**      June 15, 2009: Gore completes its deposition of Bard's expert.

12   **4.**      July 3, 2009: Gore's response brief in opposition and its rebuttal expert report are due.

13            The response brief is also limited to 17-pages in length.

14   **5.**      July 15, 2009: Bard completes its deposition of Gore's expert.

15   **6.**      July 29, 2009: Bard's reply brief, limited to 11-pages in length, is due

16            **II.    Compulsory License**

17            The Court accepts the Parties' stipulation regarding the scope of discovery and the

18   range of materials that may be utilized by their experts. The Court likewise accepts the

19   Parties' stipulation regarding the term of Bard's compulsory license, which will run from

20   April 1, 2009 through August 20, 2019.  Next, the Court finds that Bard may not necessarily

21   bear the burden of proof on the equitable issue of establishing a compulsory license rate. As

22   such, the Court will not rely on the procedure outlined under Rule 26(a)(2) of the Federal

23   Rules of Civil Procedure, which normally controls the exchange of expert reports.  Instead,

24   the Parties will exchange simultaneous expert reports.  In addition, the briefing schedule on

25   the compulsory license issue shall be simultaneous as well, with neither Party filing a reply

26   brief.  The briefing schedule is as follows:

27   **1.**      June 29, 2009: Bard and Gore exchange simultaneous expert reports and opening

28            briefs by close of business—5:00 PM, Arizona time.

1  **2.**     July 17, 2009: Bard and Gore complete their expert depositions.

2  **3.**     August 14, 2009: Bard and Gore submit simultaneous expert response reports,

3         response briefs, and proposed findings of fact and conclusions of law.   These

4         documents are due by close of business.

5  **4.**     TBD: The Court will determine at its discretion whether an evidentiary hearing will

6         be needed.

7         The Parties opening and response briefs shall be limited to 17-pages in length, unless

8  leave from the Court is timely sought and granted.  In the interest of fairness, the Parties are

9  directed to jointly seek relief from the page limitation, if required, given the simultaneous

10  nature of the compulsory license briefing.

11         DATED this 20th day of April, 2009.

12

13

14  _____
                    Mary H. Murguia
              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28