# United States Court of Appeals for the Federal Circuit

---

**BARD PERIPHERAL VASCULAR, INC.
AND DAVID GOLDFARB, M.D.,**
*Plaintiffs/Counterclaim
Defendants-Appellees,*

AND

**C.R. BARD, INC.,**
*Counterclaim Defendant-
Appellee,*

v.

**W.L. GORE & ASSOCIATES, INC.,**
*Defendant/Counterclaimant-
Appellant.*

---

2010-1510

---

Appeal from the United States District Court for the District of Arizona in Case No. 03-CV-0597, Judge Mary H. Murguia.

---

NEWMAN, *Circuit Judge*, concurring in the vacatur, dissenting from the partial remand.

The court now acts to correct its ruling on the subject of willful infringement. However, the panel majority does not explain why a remand is necessary at all in light of

the standard enunciated. On the correct standard, it seems clear that remand is unnecessary.

The general standard for willful infringement accompanied by multiplication of damages is whether the accused infringer acted unreasonably and with knowledge that it was infringing a valid patent. Thus the determination includes an estimation of the reasonableness of the accused infringer's view of patent validity and infringement, in view of all facts that could reasonably be included in the evaluation. As to whether Gore met the standard of willful wrongdoing, culpable action must be shown with sufficient definiteness to warrant the discretionary penalty of multiplication of damages, an aspect that invokes equity as well as law and judgment.

Gore's actions involve a host of potentially relevant facts that Gore could reasonably have believed would invalidate the Goldfarb patent or support Gore's right to continue to produce the Gore-Tex® grafts as it had for the 28 years of patent pendency; including (1) the ruling of the Patent and Trademark Office, affirmed by the Federal Circuit, that Gore's employee Cooper was the first to conceive of the invention that was patented by Goldfarb; (2) the fact that Cooper provided Goldfarb with the Gore-Tex® tubes that Goldfarb patented; (3) the fact that Goldfarb tested the tubes in dogs at Cooper's request; (4) the fact that others had previously tested the Gore-Tex® tubes in dogs and sheep, and had reported and published the same results that Goldfarb later patented; (4) the fact that the Goldfarb application was pending for 28 years, leaving doubt as to the outcome in the Patent Office. It is not irrelevant that the eventual allowance of the Goldfarb application included the admitted perjured affidavit of Denton, an affidavit that Denton asked Goldfarb to withdraw, and was refused.

When these aspects are considered, it is apparent that willful infringement is not supportable. However, if the court insists on retrial of willfulness, the appealed issues of validity and inventorship are relevant, for if Cooper has sole or joint inventorship rights or the right to use his prior information, the question of infringement evaporates, mooting any question issue of willfulness.

Thus this court should review the issues of validity and inventorship on this appeal, and if appropriate order retrial of the entire case, in the interest of justice.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: _____ Date: 7/23/2012