WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bard Peripheral Vascular, Inc., and David Goldfarb, M.D.,<br><br>    Plaintiffs,<br><br>v.<br><br>W. L. Gore & Associates, Inc.,<br><br>    Defendant. | No. CV 03-0597-PHX-MHM<br><br>**ORDER** |

Before the Court are Defendant's Request for Judicial Notice of Decision on Request for Reexamination of United States Patent No. 6,436,135 ("'135 patent") ("Def.'s Req.") (Doc. 1122); Defendant's Motion for a New Trial or in the Alternative to Amend the Judgment and Memorandum in Support ("Def.'s Mem.") (Doc. 1113); and Plaintiffs' Motion for Leave to Execute on the Judgment ("Pls.' Mot.") (Doc. 1109). Counsel for the parties presented oral argument on June 12, 2013.

**I.    Defendant's Request for Judicial Notice**

Defendant asks the Court to take judicial notice of the "Decision On Request For Reexamination" issued by the Central Reexamination Unit ("CRU") of the United States Patent and Trademark Office on January 23, 2013, submitted as Exhibit A to Defendant's Request. (Def.'s Req. at 2, Ex. A). The CRU granted an ex parte reexamination of claims 20-27 of the '135 patent based on the Matsumoto reference. (Doc. 1122, Ex. A). However,

on July 11, 2013, Plaintiffs filed a Notice of Supplemental Authority that on July 10, 2013, the U.S. Patent and Trademark Office terminated the reexamination. (Doc. 1138, Bard's Notice of Supplemental Authority - Notice of Termination of Reexamination). Defendant's Request for Judicial Notice is denied as moot.

## II. Defendant's Motion for a New Trial

Defendant has moved for a new trial based on the assumption that the Court has granted judgment as a matter of law in its favor and against Plaintiffs based on the issue of willful infringement. (Def.'s Mem. at 1). Defendant alternatively moves for an amendment to the Amended Clerk's Judgment based on the premise that the Court has found that Defendant did not willfully infringe the '135 patent. (*Id.* at 24). Defendant seeks a ruling lowering the ongoing royalty rates assessed against it as found by the Court.

The Court has issued an Order finding against Defendant on the issue of willful infringement and in favor of Plaintiffs. Defendant's motion for new trial or, in the alternative, for an amendment to the judgment, is denied.

## III. Plaintiffs' Motion for Leave to Execute on the Judgment

Plaintiffs move for leave to execute on the August 24, 2010 Amended Clerk's Judgment to the extent it is final and non-appealable following the Federal Circuit's decisions in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 670 F.3d 1171 (Fed. Cir. 2012) (*"Bard I"*), and *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003 (Fed. Cir. 2012) (*"Bard II"*). (Pls.' Mot.). Plaintiffs contend that the final and non-appealable portions of the Amended Judgment are appropriate for execution, equitable considerations favor execution on those portions of the Amended Judgment, and Plaintiffs are entitled to post-judgment interest on the final and non-appealable portions of the Amended Judgment other than the quarterly payments. (Doc. 1110, Mem. in Support of Pls.' Mot. for Leave to Execute on J.). Defendant responds in opposition that the Court stayed enforcement of the Amended Judgment with respect to money judgments and ordered the escrow of Defendant's royalty payments until entry of a final and non-appealable

judgment. (Doc. 1116, Def.'s Opp'n to Pls.' Mot. for Leave to Execute on J. ("Def.'s Opp'n") at 2). Defendant argues that execution on the judgment is not appropriate because a final and non-appealable judgment has not been entered.

The Court has considered the parties' arguments. The Court also has considered Defendant's supplemental authority which it does not find persuasive. (Doc. 1136). The Court of Appeals for the Federal Circuit affirmed the judgment that the '135 patent is valid. The Federal Circuit remanded the issue of willfulness so that this Court could reconsider its denial of JMOL. The Court has now ruled that Defendant is not entitled to JMOL on the issue of willful infringement. The Court's reconsideration of its rulings on enhanced damages and attorneys' fees is not necessary. The Court finds no compelling reason to further stay execution of the Amended Clerk's Judgment regarding the portions that are final and non-appealable based on *Bard I* and *Bard II*.

Accordingly,

**IT IS ORDERED** that Defendant's Request for Judicial Notice of Decision on Request for Reexamination of United States Patent No. 6,436,135 (Doc. 1122) is **denied as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion for a New Trial or in the Alternative to Amend the Judgment (Doc. 1113) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Execute on the Judgment (Doc. 1109) is **granted regarding the final and non-appealable issues.** Any stay previously issued by the Court concerning the final and non-appealable issues in the Amended Clerk's Judgment is lifted. Plaintiffs shall submit a proposed Order.

Dated this 16th day of October, 2013

Mary H. Murguia
United States Circuit Judge
designated as United States District Judge