IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Bard Peripheral Vascular, Inc. and David Goldfarb, M.D.,

Plaintiffs,

v.

W. L. Gore & Associates, Inc.,

Defendant.

No. CV 03-0597-PHX MHM

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO EXECUTE ON JUDGMENT**

Pursuant to the Court's Order filed October 17, 2013 (D.I. 1145), it is **HEREBY ORDERED** that:

1. Plaintiffs are entitled to execute immediately on the Amended Clerk's Judgment filed August 24, 2010 (D.I. 1047) as follows:

    a. Lost profits damages in the amount of $102,081,578.82 and reasonable royalty damages in the amount of $83,508,292.20, for a total of $185,589,871.02, to which Plaintiffs are entitled for the time period ending June 30, 2007, are due pursuant to the Amended Clerk's Judgment dated August 24, 2010, and are immediately payable to Plaintiffs;

    b. Taxable costs in the amount of $165,554.54 are due pursuant to the Amended Clerk's Judgment dated August 24, 2010, and are immediately payable to Plaintiffs;

    c. Prejudgment interest on the damages specified above in paragraph 1.a., in the amount of $18,558,987.10, are due pursuant to the Amended Clerk's Judgment

dated August 24, 2010, and are immediately payable to Plaintiffs; and

        d.    Supplemental lost profits damages in the amount of $44,556,381.24 and supplemental reasonable royalty damages in the amount of $64,440,740.00, for a total of $108,997,121.24, to which Plaintiffs are entitled for the time period beginning July 1, 2007 and ending March 31, 2009, are due pursuant to the Amended Clerk's Judgment dated August 24, 2010, and are immediately payable to Plaintiffs.

2. Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 on the amounts specified above, calculated daily at a rate of 0.25%, compounded annually, for the period beginning August 24, 2010 and ending on the date of payment ($2,505,570.23 as of October 31, 2013).

3. Subject to paragraph 6.a below, all royalty payments held in the CRIS, as well as all interest accumulated on those accounts, are immediately due and payable to Bard. As of October 25, 2013, the principal of the compulsory royalty payments total $541,607,871.75 (D.I. 1046, 1062, 1065, 1066, 1069, 1071, 1073, 1075, 1077, 1096, 1123, 1129, and 1139). Gore's October 31, 2013 compulsory royalty payment shall be deposited with the CRIS and thereafter be immediately due and payable to Bard. Only Gore's deposit of $195,000,000 deposited as Registry Case No. DAZX203CV000597001, and an additional $13,000,000 as explained in paragraph 6.a, will remain in the CRIS.

4. All future royalty payments beginning after October 31, 2013, shall be made by Gore directly to Bard in accordance with the terms in the Amended Clerk's Judgment filed August 24, 2010 (D.I. 1047).

5. Any stay previously issued by the Court concerning the enforcement of the money judgments listed above in paragraphs 1-4 is hereby lifted effective immediately.

6. In accordance with the foregoing, Bard shall collect the amounts payable above on November 1, 2013, in the manner set forth below:

        a.    All amounts in the Court's registry system, except $195,000,000 deposited as Registry Case No. DAZX203CV000597001 and $13,000,000 from Registry Case No. DAZX203CV000597014, should be released by the Clerk to Bard on November

1, 2013. The Clerk will retain all remaining amounts in the CRIS, in satisfaction of Gore's obligations under paragraph 10 below.

      b. On November 1, 2013, Fidelity and Deposit Company of Maryland and Zurich American Insurance Company shall pay (or cause to be paid) to Bard the full face amount of $115,000,000 of supersedeas bond No. CGB 8936325. Gore is liable for the payment of this $115,000,000 to Bard until payment is actually made to Bard by Fidelity and Deposit Company of Maryland and Zurich American Insurance Company.

      c. On November 1, 2013 Liberty Mutual Insurance Company shall pay (or cause to be paid) to Bard the amount of $213,817,104.13 from supersedeas bond No. 019025260. Gore is liable for the payment of this $213,817,104.13 to Bard until payment is actually made to Bard by Liberty Mutual Insurance Company.

Payment of these amounts to Bard shall satisfy all Plaintiffs' interests in the money judgments listed above in paragraphs 1-3 of this order.

7. Upon Fidelity and Deposit Company of Maryland and Zurich American Insurance Company's payment to Bard as set forth in 6.b above, it is ordered that the bond posted by Fidelity and Deposit Company of Maryland and Zurich American Insurance Company shall be cancelled, be of no further effect, and Fidelity and Deposit Company of Maryland and Zurich American Insurance Company shall be fully and finally released from any and all liability under the bond. Once this Order is issued by the Court and the payment has been remitted by Fidelity and Deposit Company of Maryland and Zurich American Insurance Company, Plaintiffs shall have no right to make any further claim under the bond.

8. Upon Liberty Mutual Insurance Company's payment to Bard as set forth in 6.c above, it is ordered that the bond posted by Liberty Mutual Insurance Company shall be cancelled, be of no further effect, and Liberty Mutual Insurance Company shall be fully and finally released from any and all liability under the bond. Once this Order is issued by the Court and the payment has been remitted by Liberty Mutual, Plaintiffs shall have no right to make any further claim under the bond.

9. The only portions of the Amended Clerk's Judgment filed August 24, 2010 (D.I. 1047) that remain subject to any stay previously issued by the Court are:

    a. Enhanced damages in the amount of $185,589,871.02.

    b. Attorneys' fees and nontaxable costs in the amount of $19,000,000.00.

    c. Prejudgment interest on the fees and costs specified above in paragraph 9.b., in the amount of $1,900,000.00.

    d. The total amount of the money judgment that remains subject to a stay is therefore $206,489,871.02, subject to post-judgment interest.

10. As a condition of maintaining a stay of execution on those parts of the money judgment described in paragraph 9, Gore is required to maintain a bond sufficient to satisfy the amounts reflected in paragraph 9 and post-judgment interest thereon.

11. Following receipt of the funds listed in paragraphs 1-3 of this order, Plaintiffs shall file with the Court a partial accord and satisfaction of judgment for the portions of the Amended Clerk's Judgment reflected in paragraphs 1-3 above, which will not extend to the amounts in paragraphs 4 and 9 above.

**IT IS SO ORDERED.**

Dated this 30th day of October, 2013.

_____
Mary H. Murguia
United States Circuit Judge
designated as United States District Judge